OPINION OF THE COURT
Memorandum.
The certified question should be answered in the affirmative and the order of the Appellate Division should be affirmed, with costs.
In so many words, subdivision 1 of section 420 of the Vehicle and Traffic Law states that “[u]pon the transfer of ownership * * * of a motor vehicle * * * its registration shall expire; and the seller *** shall remove the number plates from the vehicle”. This language is unequivocal. .
In this case, on the uncontradicted proof, the sequence of events is as follows: On or about August 31, 1978, Primavara, the owner of the 1956 Chevrolet, arranged to have its liability carrier, INA, transfer his coverage from the Chevrolet to a Ford which he had newly purchased. This was accomplished before October 1, 1978, Primavara having obtained new plates for the Ford. It was only thereafter, on or about October 20, 1978, that he sold the Chevrolet to Bazylak, effecting the transfer of ownership by signing *639 over the registration stub to the latter in return for the purchase price. Because of the age of the vehicle, no certificate of title was required (see Vehicle and Traffic Law, §2102, subd [a], par [10]).
The net result, as far as IN A was concerned, was that, at the time of the accident, December 10,1978, it still insured one car, though for months this had been the Ford and not the Chevrolet.
As to the failure to remove the Chevrolet’s plates, a subject on which there are no findings and the proof is uncertain, the statutory obligation to do so, as indicated, was placed on “the seller”, here Primavara, and not on his liability carrier. Concordantly, even if we assume that he did not remove the plates, though this might estop him from asserting that he in fact had divested himself of ownership, such a consequence should not be visited on his carrier (Phoenix Ins. Co. v Guthiel, 2 NY2d 584). All the more is this so when, as distinguished from Phoenix, where what was unsuccessfully sought to be imposed on the insurer was continuing imposition of coverage despite the transfer of a single vehicle from one car owner to another, in the present case, because the policy had been transferred from one vehicle to another vehicle, it would have been the imposition of coverage on two when the carrier never undertook more than one.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed, with costs, etc.