■ In the Matter of the Arbitration between CRISPIN FELICIANO, Respondent, and HANOVER INSURANCE COMPANY et al., Respondents. NATIONWIDE INSURANCE COMPANY, Appellant.—

The facts of this case are not in dispute. Joan Paul exchanged her 1975 Oldsmobile with Joseph Bholer, a self-employed restorer and salesman of used automobiles, for a 1977 Ford Thunderbird. Paul signed and tendered the certificate of title for the Oldsmobile on or about March 31, 1984. She took possession of the Ford on April 1, 1984. Paul, as an accommodation to Bholer, however, left her license plates on the Oldsmobile and procured new plates for the Ford. On April 2, 1984, the Oldsmobile, then in Bholer's possession, was driven by Robert Reidel, without permission or authority, and was involved in an accident with Crispin Feliciano. Also on that day, the first business day after the above transactions, Nationwide Insurance Company was notified of the transfer and commenced the necessary paperwork canceling coverage for the Oldsmobile and instituting coverage for the Ford.

Crispin Feliciano thereafter demanded arbitration under the uninsured motorist endorsement of the policy issued by the respondent Hanover Insurance Company. Hanover Insurance Company petitioned for a stay of arbitration, that petition was granted after a trial, and the instant appeal ensued.

It is well settled that an insurance company's coverage of an insured automobile terminates upon the transfer of title by its insured to another unless the insurer is notified and consents to continued coverage *(Phoenix Ins. Co. v Guthiel,* 2 NY2d 584, 589; *Pugh v Hartford Ins. Group,* 68 Misc 2d 1014, 1015). This rule has been applied in cases analogous to the instant matter wherein the insured sells the automobile to another yet neglects to remove his license plates as required by Vehicle and Traffic Law § 420 (1). When that automobile is thereafter involved in an accident still bearing the seller's license plates, the seller may be estopped from denying ownership, but the seller's insurer will not be estopped from denying coverage on the vehicle which its insured no longer owned *(Matter of Allstate Ins. Co. v Gemmell,* 55 NY2d 637, 639; *State Farm Mut. Auto. Ins. Co. v Elgot,* 48 AD2d 362, 364-365). In the instant case, title passed and thus coverage for the Oldsmobile terminated on March 31, 1984 and replacement coverage for the Ford commenced on April 1, 1984. That

Nationwide Insurance Company was not notified of the transfer until April 2, 1984 is of no consequence (see, Chang v Utica Mut. Ins. Co., 79 AD2d 626). Accordingly, Nationwide Insurance Company did not insure the Oldsmobile on April 2, 1984. Moreover, it is uncontroverted on the record before us that Robert Reidel operated the Oldsmobile without the permission of its new owner Bholer. Under these circumstances it would appear that arbitration of the uninsured motorist claim is most appropriate (see, Insurance Law § 5201 [b] [5]). Accordingly, that arbitration should be allowed to proceed as demanded. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.