■ MAGDALENA PARKER et al., Plaintiffs, v WARREN C. SMITH et al., Defendants. (Action No. 1.) MEDICAL PERSONNEL POOL OF NASSAU/QUEENS, INC., Plaintiff, v MAGDALENA PARKER et al., Defendants and Third-Party Plaintiffs-Respondents. METROPOLITAN LIFE INSURANCE COMPANY, Third-Party Defendant-Appellant. (Action No. 2.) [662 NYS2d 263] —In two actions joined for trial, *inter alia*, for a judgment declaring the rights and duties of the parties with respect to medical insurance coverage, the third-party defendant in Action No. 2 appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered June 6, 1996, as granted that branch of the third-party plaintiffs' motion which was for leave to amend the third-party complaint by adding a demand for punitive damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the third-party plaintiffs' motion which was for leave to amend the third-party complaint by adding a demand for punitive damages is denied.

Although leave to amend a pleading is generally liberally granted (*see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; CPLR 3025 [b]), if the proposed amendment is patently lacking in merit or its lack of merit is clear and free from doubt, it will not be permitted and leave should be denied as a matter of law (*see, McKiernan v McKiernan,* 207 AD2d 825; *Staines v Nassau Queens Med. Group,* 176 AD2d 718).

In the instant case, the third-party plaintiffs failed to present " 'sufficient evidentiary allegations of ultimate facts of a fraudulent and deceitful scheme in dealing with the general public' " (*Valis v Allstate Ins. Co.,* 132 AD2d 658, 659, quoting *Holoness Realty Corp. v New York Prop. Ins. Underwriting Assn.,* 75 AD2d 569, 570), or conduct "so 'willful and wanton', outrageously immoral, or criminal as to warrant an award of punitive damages" (*Kelly v DeFoe Corp.,* 223 AD2d 529, 530; *see, Gilbin v Murphy,* 73 NY2d 769; *Walker v Sheldon,* 10 NY2d 401; *Sforza v Health Ins. Plan,* 210 AD2d 214).

Accordingly, the Supreme Court erred in granting that branch of the third-party plaintiffs' motion which was for leave to amend the third-party complaint by adding a demand for punitive damages. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.