■ ALLSTATE INSURANCE COMPANY, Respondent, v JACQUELINE M. SANTOS, Appellant, et al., Defendants. [673 NYS2d 694] —In an action for a judgment declaring, *inter alia,* that the plaintiff is relieved from any obligation to defend or indemnify the defendants Jacqueline M. Santos and Winston Royal in an action entitled *Berger v Royal,* pending in the Supreme Court, Kings County, under Index No. 33743-95, the defendant Jacqueline M. Santos appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated May 28, 1997, which granted the plaintiff's motion for summary judgment and to dismiss all of her counterclaims and denied her cross motion, *inter alia,* to dismiss the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the plaintiff has no obligation to defend or indemnify the defendants Jacqueline M. Santos and Winston Royal in the action entitled *Berger v Royal,* pending in the Supreme Court, Kings County, under Index No. 33743-95 (*supra*).

An insurer's coverage of an insured automobile terminates upon the transfer of title by its insured to another, unless the insurer is notified and consents to continued coverage (*see, Phoenix Ins. Co. v Guthiel,* 2 NY2d 584, 589; *Matter of Feli-*

*ciano [Hanover Ins. Co.],* 140 AD2d 607). Here, coverage under the policy of insurance ceased on January 5, 1995, when the appellant admittedly sold and transferred title of the covered vehicle to the defendant Winston Royal. Hence, Allstate Insurance Company is not obligated to defend or indemnify the appellant or Royal in the action entitled *Berger v Royal,* pending in the Supreme Court, Kings County, under Index No. 33743-95 *(supra).*

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the plaintiff *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901).

We further note that the Supreme Court improperly denied the appellant's cross motion as "moot". However, the cross motion was without merit *(see, e.g., Parker v Smith,* 242 AD2d 373).

The appellant's remaining contentions are without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.