■ MARY POTTER, Individually and as Parent and Natural Guardian of MATTHEW J. LEWIS, an Infant, Respondent, v MICHAEL T. KEEFE, Respondent, and RICHARD FORNESS et al., Appellants. [690 NYS2d 361] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: On June 17, 1990, plaintiff's son was injured while a passenger in a 1976 Monte Carlo operated by defendant Michael T. Keefe. On that date the vehicle was registered to defendant Richard Forness, who was insured by defendant Allstate Insurance Company (Allstate). Allstate denied coverage on the ground that the vehicle's certificate of title had been validly transferred from Richard Forness to Keefe on June 15, 1990. Plaintiff commenced this action seeking a declaration that the insurance policy issued by Allstate to Richard Forness provided coverage for the subject vehicle on the date of the accident and that Allstate was required to defend and indemnify Richard Forness against plaintiff's claims.

After a nonjury trial, Supreme Court concluded that Keefe and Richard Forness intended that title and ownership of the vehicle pass to Keefe on June 15, 1990, the day that most of the purchase price, certificate of title and possession of the vehicle changed hands. The court further concluded that the transfer from Richard Forness to Keefe failed to comply with Vehicle and Traffic Law §§ 2113 and 2116. The court declared in part that Richard Forness was liable and responsible for the injuries of plaintiff's son resulting from any negligence in the use of the vehicle and that Allstate "has the responsibility to defend, indemnify and respond in damages to the extent and in accordance with the terms of the coverage provided in the applicable policy of insurance". That was error.

An insurer's coverage of an insured automobile terminates upon the transfer of title of that vehicle (*see, Matter of Feliciano [Hanover Ins. Co.],* 140 AD2d 607, 608). Moreover, it is well settled that title to a motor vehicle is transferred when the parties intend such transfer to occur (*see, Fulater v Palmer's Granite Garage,* 90 AD2d 685, *appeal dismissed* 58 NY2d 826, citing *Bornhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581). The record supports the court's conclusion

that the title of the subject vehicle transferred from Richard Forness to Keefe on June 15, 1990. On that date Keefe paid John Forness, Richard Forness's brother, most of the purchase price for the vehicle and received the certificate of title, which Richard Forness had previously executed. Additionally, Keefe received a bill of sale signed by Richard Forness that stated, "Let it be known that I sold Monte Carlo to Mike Keefe for $250 as is". John Forness delivered the certificate of title, bill of sale and the vehicle to Keefe on the 15th. Additionally, before giving possession of the vehicle to Keefe, John Forness removed its license plates.

Plaintiff contends that the liability of Richard Forness and Allstate continued with respect to third parties because the transfer failed to comply with Vehicle and Traffic Law §§ 2113 and 2116. We disagree. Section 2113 (a) provides in relevant part that, "[i]f an owner transfers his interest in a vehicle, other than by the creation of a security interest, he shall, at the time of the delivery of the vehicle, execute an assignment and warranty of title to the transferee in the space provided therefor on the certificate or as the commissioner prescribes, and cause the certificate and assignment to be mailed or delivered to the transferee." The record establishes that Richard Forness complied with that section. His failure to provide the vehicle's odometer reading on the title does not support a contrary result because the vehicle was over 10 years old and therefore exempt from that requirement.

Pursuant to Vehicle and Traffic Law § 2113 (b), "the transferee shall, within thirty days after transfer to him of the vehicle, execute the application for a new certificate of title in the space provided therefor on the certificate or as the commissioner prescribes, and cause the certificate and application to be mailed or delivered to the commissioner." Furthermore, pursuant to Vehicle and Traffic Law § 2116 (a) and (b), an application for a certificate of title and an application for the naming of a lienholder or his assignee on a certificate of title shall be accompanied by the required fee when mailed or delivered to the commissioner. Keefe did not comply with those subdivisions before the accident.

Vehicle and Traffic Law § 2113 (c) provides in relevant part that the "transfer by an owner is not perfected so as to be valid against third parties generally until the provisions of this section and section [2116] have been complied with". That subdivision goes on to provide: "[H]owever, an owner who has delivered possession of the vehicle to a bona fide transferee and has complied with the provisions of this section and sec-

tion [2116] is not deemed an owner within the provisions of section [388] of this chapter".

We conclude that, pursuant to Vehicle and Traffic Law § 2113 (c), Richard Forness was required to deliver the vehicle to a bona fide purchaser and comply with the other provisions applicable to owners of sections 2113 and 2116 before he was no longer "deemed an owner". Here, Richard Forness, through his agent, delivered possession of the vehicle to Keefe, a bona fide transferee, and complied with all the provisions of Vehicle and Traffic Law §§ 2113 and 2116 that were applicable to owners. Thus, Richard Forness was not the owner of the vehicle at the time of the accident. In reaching that conclusion, we reject plaintiff's assertion that a transferor is liable to third parties as the owner of a vehicle until such time as the transferee mails or delivers to the commissioner an application for a certificate of title and the required fee.

Consequently, we modify the judgment by granting judgment in favor of Richard Forness declaring that he is not liable or responsible for the injuries sustained by plaintiff's son resulting from any negligence in the use or operation of the subject vehicle on June 17, 1990 and that Allstate properly denied insurance coverage based on the transfer of the vehicle from Richard Forness to Keefe. (Appeals from Judgment of Supreme Court, Chautauqua County, Gerace, J.—Declaratory Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Hurlbutt, JJ.