■ G. NELSON GETZ, Individually and as Parent and Natural Guardian of ERIC GETZ, an Infant, Respondent, v MILTON SEARLES et al., Respondents, and GABRIELE AUTO PLACE, INC., Appellant. [695 NYS2d 637] —Judgment unanimously affirmed

with costs. Memorandum: Plaintiff commenced this action to recover damages for injuries sustained by his son, Eric Getz, when the Ford Mustang in which Eric was a passenger collided with a truck. Defendant Gabriele Auto Place, Inc. (Gabriele) had sold the Mustang on July 20, 1994 to Jacqueline Bourne, who took possession of the vehicle that day. Bourne was operating the Mustang with dealer's plates when the accident occurred on August 25, 1994.

Supreme Court properly granted the motion of defendants Milton Searles and Rist Transport, Ltd. and the cross motion of plaintiff and granted judgment declaring that Gabriele is the owner of the Mustang and is vicariously liable for Bourne's alleged negligence in operating the Mustang. The court also properly denied the cross motion of Gabriele for summary judgment dismissing the complaint against it. The record establishes that Gabriele violated Vehicle and Traffic Law § 416 by permitting Bourne to use its dealer's plates for over a month and failing to notify the Commissioner of the Department of Motor Vehicles of Bourne's failure to return the plates before the expiration of six days after Bourne took possession of the vehicle (*see, Jamison v Walker,* 48 AD2d 320, 324). Under those circumstances, Gabriele is estopped from denying ownership of the Mustang (*see, Switzer v Aldrich,* 307 NY 56, 58-59; *Reese v Reamore,* 292 NY 292, 296-297; *Jamison v Walker, supra,* at 324; *see also, Brown v Harper,* 231 AD2d 483, 484; *Taylor v Botnick Motor Corp.,* 146 AD2d 81, 84-85). (Appeal from Judgment of Supreme Court, Ontario County, Scudder, J.— Declaratory Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.