■ GLORIA SPRATT, as Administrator of the Estate of JOSEPH SPRATT, Deceased, Appellant, v JOHN J. SLOAN, Defendant, HAROLD C. JACOBS, JR., et al., Respondents, and MARINA WEST, INC., Appellant. [720 NYS2d 173] —In an action to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated February 15, 2000, as granted those branches of the respective motions of the defendants Harold C. Jacobs, Jr., and Brian McDade, which were for summary judgment dismissing the complaint insofar as asserted against them, and the defendant, Marina West, Inc., separately appeals from the same order.

Ordered that the appeal by Marina West, Inc., is dismissed as abandoned (*see,* 22 NYCRR 670.8 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff's decedent was fatally injured by a boat operated by the defendant John J. Sloan. Approximately one month before the accident, the defendants Harold C. Jacobs, Jr., and Brian McDade sold the boat to Sloan. At that time, Jacobs and McDade signed the registration certificate for the boat and gave it to Sloan. However, they failed to notify the Department of Motor Vehicles (hereinafter the DMV) of the change in ownership (*see,* Vehicle and Traffic Law § 2251 [7]). Jacobs and McDade separately moved for summary judgment dismissing the complaint and cross claims insofar as asserted against them. The plaintiff opposed the motion, *inter alia*, on the

ground that the boat was still formally registered to Jacobs and McDade on the day of the accident. The Supreme Court properly granted the respective motions.

Jacobs and McDade established their prima facie entitlement to judgment by tendering evidence proving that Sloan had sole possessory interest in the boat, and dominion and control over it, on the date of the accident (*see, Dorizas v Island Insulation Corp.,* 254 AD2d 246). The mere fact that Jacobs and McDade did not notify the DMV of the change of ownership, under the circumstances of this case, is insufficient to raise a material issue of fact with respect to their alleged ownership of the boat on the day of the accident (*see,* Navigation Law § 48; *Bornhurst v Massachusetts Bonding & Ins. Co.,* 21 NY2d 581; *Potter v Keefe,* 261 AD2d 864; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). There is no merit to the plaintiff's contention that further discovery would reveal the existence of such a question (*see, Delaney v Good Samaritan Hosp.,* 204 AD2d 678; *Carrington v City of New York,* 201 AD2d 525). Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.