■ ARTHUR BUKHATETSKY, Respondent, v DZMITRY VYSOTSKI, Defendant, and ELAINE KAPLINSKY et al., Appellants. [745 NYS2d 53] —In an action to recover damages for personal injuries, the defendants Elaine Kaplinsky and Igor Kaplinsky appeal from an order of the Supreme Court, Kings County (Huttner, J.), dated October 19, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

On August 3, 1999, the plaintiff was injured when he was bitten by a dog. Approximately four months before the incident, the appellants sold the dog to the defendant Dzmitry Vysotski. However, they failed to notify the authorities of the change of ownership (*see* Agriculture and Markets Law § 113). The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion, inter alia, on the ground that the dog was still formally registered to the appellants on the day of the accident. The Supreme Court denied the motion. We reverse.

The appellants established their prima facie entitlement to judgment as a matter of law by tendering evidence proving that Vysotski had sole possessory interest in the dog, and dominion and control over it on the date of the accident. In opposition, the plaintiff failed to raise a material issue of fact. The mere fact that the appellants did not notify the authorities of the change of ownership, under the circumstances of this case, is insufficient to raise a material issue of fact with respect to their alleged ownership of the dog on the day of the accident (*see Spratt v Sloan,* 280 AD2d 465).

In light of our determination, we need not reach the plaintiff's remaining contention. Prudenti, P.J., Ritter, Friedmann and McGinity, JJ., concur.