■ KIMBERLY S. DUGER, Appellant, v ESTATE OF CAROLYN M. CAREY, Deceased, et al., Defendants, and JOHN D. CAREY, Respondent. [763 NYS2d 172] —Mugglin, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered July 8, 2002 in Tompkins County, which granted defendant John D. Carey's motion for summary judgment dismissing the complaint against him.

When this automobile accident case was previously before us, we affirmed Supreme Court's dismissal of the complaint against defendant County of Tompkins (295 AD2d 878 [2002]). Plaintiff now seeks reversal of Supreme Court's order granting the motion of defendant John D. Carey (hereinafter defendant) and dismissing the complaint against him. Plaintiff asserts that CPLR 4519 renders inadmissible significant portions of defendant's affidavit and that issues of fact concerning the ownership of the vehicle remain for trial.

We do not find that CPLR 4519 bars the admission of defendant's affidavit as it is not offered as testimony against the estate representative, but in opposition to plaintiff's claim. Moreover, it is the estate representative who has the right to assert the disqualification of a witness under the statute, and not plaintiff. In light of this ruling, we examine the record to see if a question of fact regarding defendant's ownership interest in the vehicle remains for trial.

Defendant's submissions establish that he is the father of Carolyn M. Carey (hereinafter decedent). Because decedent had an inoperable automobile, defendant located another car, negotiated its purchase and, on Saturday, November 30, 1999, obtained the necessary funds from his son's bank account and paid for the vehicle, intentionally leaving the name of the purchaser blank in the bill of sale and title documents so that decedent could insert her name. With the aid of his wife, decedent then towed the vehicle to decedent's residence. There, defendant advised decedent that on the following Monday, she should go to the Department of Motor Vehicles and register the vehicle in her name. Much of this information was corroborated by the affidavits of the grandparents of the seller, who were acting on his behalf by reason of his absence while serving in the United States Navy. Later that evening, without having completed the title documents, decedent apparently switched the plates from her inoperable vehicle to the new one and she was involved in a collision.

While we agree with plaintiff that the settled rule is that

title to a motor vehicle is transferred when the parties intend that the transfer occur (see Potter v Keefe, 261 AD2d 864 [1999]), we are of the view that defendant met his initial burden of establishing his entitlement to summary judgment by submitting competent evidence establishing that the intent of the parties to the sale was to transfer title to decedent and not defendant (see id. at 864), and that decedent had the sole possessory interest in, as well as dominion and control over, the vehicle at the time of the accident. Under these circumstances, failure to register the vehicle with the Department of Motor Vehicles is not enough to raise an issue of fact in regard to ownership (see Spratt v Sloan, 280 AD2d 465, 466 [2001]). Since defendant established prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Amedure v Standard Furniture Co., 125 AD2d 170 [1987]), it became "imperative that * * * plaintiff opposing * * * defendant's motion for summary judgment assemble, lay bare and reveal [her] proofs in order to show that the allegations in the complaint are real and capable of being established upon a trial" (Du Pont v Town of Horseheads, 163 AD2d 643, 645 [1990] [citation omitted]). Plaintiff's submissions fall short of meeting this burden. Consequently, Supreme Court properly granted defendant's motion and dismissed the complaint against him.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.