OPINION OF THE COURT
Robert F. Julian, J.
Relief Requested: Summary judgment dismissing the complaint in a dog bite case against Maria Marino who claims to have transferred ownership of the dog prior to the bite in question.
*444 Holding: Motion for summary judgment is denied. Defendants’ motion papers raise questions of fact regarding ownership and control of the dog in question.
Discussion: This case arises out of a dog bite on October 11, 2001. The question to be resolved by this court is: what indices of dog ownership are sufficient to create an issue of fact in order to defeat a motion for summary judgment which contends that the moving party did not own the dog on the day of the bite? Marino moves for summary judgment, representing that she did not own the attacking dog on the date in question, relying upon the holding in Bukhatetsky v Vysotski (296 AD2d 367 [2d Dept 2002]). The case at bar is distinguishable from Bukhatetsky v Vysotski (supra). In Bukhatetsky the plaintiff alleged that the defendant retained ownership and responsibility for a dog the defendant had bred and sold to a third party, based upon a failure to transfer title from seller to buyer pursuant to section 113 of the Agriculture and Markets Law. The Appellate Division dismissed the claim against the seller reasoning that there was no other indication of ownership than the agriculture filing. In the case at bar the dog, Bosco, had lived at 1140 Ontario Street, Utica, with the defendants, who were affianced, for several years. He had a prior history of two or three bites that are essentially uncontested. Marino had acquired the dog, but Bosco was apparently the shared pet of both defendants until August of 2001. Marino complained to the police that Durso had purloined Bosco as an apparent sequella of the demise of the romance. Thus on August 2, 2001 the defendant Marino, in a police complaint attached to her papers, claimed that she owned Bosco and that Durso, who had previously moved out of 1140 Ontario Street, wrongfully possessed Bosco. The police report specifically quotes Marino as claiming ownership of Bosco and defendant Durso is quoted as advising the police he would return Bosco to Marino. Both defendants claim Durso did not return Bosco and allege that they were separated on the day the bite occurred. On that day, October 11, 2001, some 69 days after the police complaint, the plaintiff while campaigning for public office was present at 1140 Ontario Street. Bosco and Durso were both also present. Bosco was unrestrained and bit the plaintiff. Marino contends by affidavit that Bosco was transferred to Durso in August 2001, however, no specific date of the transfer is given. Marino states that at the time of the bite she lived at 1140 Ontario Street without Durso, who was present at the house with Bosco without her permission. Marino further contends that she was not present at the time of the bite. Unlike Bukhatetsky v Vysotski (supra), in this case there is no *445 arm’s length transaction transferring Bosco or any indication of the specific terms of his transfer including a specific date of transfer. Moreover, there is no proof of Bosco’s dog registration on the date of the bite.
The court takes judicial notice that the City of Utica had a leash law in effect at the time of the bite. (CPLR 4511 [a].) The defendant Marino does not present any evidence of Bosco being registered to Durso at the time of the bite. Durso was summoned to Utica City Court, testified he owned Bosco, that he did not live at 1140 Ontario Street, and was ordered by the court to destroy the dog because of this incident.
In Bukhatetsky v Vysotski (supra), the plaintiff alleged that the failure to comply with the technical requirements of section 113 of the Agriculture and Markets Law that a change of dog ownership be reported to the state within 10 days was the sole basis for liability on the part of the moving former owners. In the case at bar, failure to demonstrate notice pursuant to section 113 of the Agriculture and Markets Law is one of several factual issues regarding ownership of Bosco on the day of the bite. Dominion and control over Bosco are decidedly in issue given that the bite occurred at Marino’s property with the alleged new owner of Bosco present during the bite. Thus, who owned Bosco and whether or not Bosco and Durso continued to reside with Marino all remain unresolved factual questions for a jury to decide. (Spratt v Sloan, 280 AD2d 465 [2d Dept 2001].)
The function of a court on a motion for summary judgment is issue finding, not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]; Wiener v Ga-Ro Die Cutting, 104 AD2d 331, 333 [1984], affd 65 NY2d 732 [1985]; Creighton v Milbauer, 191 AD2d 162, 166 [1993]). The court “must view the facts in a light most favorable to the [nonmoving party]” (Crosland v New York City Tr. Auth., 68 NY2d 165, 168 n 2 [1986]), “consistent with the rule that in opposing motions to dismiss for failure to state a cause of action and motions for summary judgment the plaintiffs submissions must be accepted as true” (Ingle v Glamore Motor Sales, 73 NY2d 183, 194 [1989]).
The court identifies the following as supporting the existence of unresolved issues raised by the defendant Marino’s motion:
1) The defendant Marino on August 2, 2001 admits owning the dog 69 days prior to the bite and turns Durso into the police alleging that Durso purloined the dog from the premises in question.
*446 2) The defendant Durso assures the police that he will return the dog according to the police report.
3) The defendants contend that Marino somehow transferred the dog to Durso thereafter, but no facts, including but not limited to a specific date or the terms of the transfer, are given.
4) Thereafter on October 11, 2001, the dog is present at Mari-no’s address (as is Durso) and bites the plaintiff.
All of the foregoing raise issues of fact regarding ownership of Bosco on the date of the bite. Unlike Bukhatetsky v Vysotski (296 AD2d 367 [2d Dept 2002]), this dog was not sold in an arm’s length transaction; indeed, the conditions under which Durso allegedly acquired the dog are murky. Given that Marino undisputedly owned the dog a short 69 days prior to the bite, that the bite occurred at Marino’s house, and the absence of any documentation of change of ownership, there are sufficient factual questions for a jury to resolve. Moreover, Bukhatetsky v Vysotski does not stand for the proposition that dog ownership is devoid of a paper trail. In that case it was undisputed that there was a transaction between buyer and seller and the buyer had possession. Bukhatetsky v Vysotski (supra) does not stand for the proposition that noncompliance with section 113 of the Agriculture and Markets Law is irrelevant to proving dog ownership; it rather holds that noncompliance is one factor to be considered in determining ownership. In this case, given the facts set forth in this motion, the absence of proof of compliance with the law is a further factor militating against the granting of summary judgment. Based on the facts as presented by the movant, genuine factual issues remain regarding the ownership, control and custody of Bosco that must be decided by a jury.
Motion is denied.