■ DAWN DALLURA, Respondent, v ANNA RUBICCO, Appellant. (Action No. 1.) ANNA RUBICCO, Appellant, v DAWN DALLURA, Respondent. (Action No. 2.) [772 NYS2d 532]—

In related actions, inter alia, to recover damages for breach of contract, which were jointly tried, Anna Rubicco appeals from a judgment of the Supreme Court, Westchester County (Altman, J.H.O.), entered September 26, 2002, which, after a nonjury trial, is in favor of Dawn Dallura and against her in the principal sum of $8,000.

Ordered that the judgment is affirmed, with costs.

Anna Rubicco (hereinafter the buyer) agreed to purchase a car from Dawn Dallura (hereinafter the seller) for the purchase price of $28,000. The seller delivered the car to the buyer's house on the morning of Friday, May 25, 2001, and removed the license plates from the car. The seller testified at trial that later the same day, after receiving a check from the buyer in the amount of $8,000 for the balance of the purchase price, she gave the buyer the certificate of title to the car. The buyer denied receiving the certificate of title. The following day, the buyer's son was involved in an accident with the car and the buyer stopped payment on the $8,000 check. At the time of the accident, the car was still registered in the seller's name.

"Title to a motor vehicle passes when the parties intend that it pass (*Bornhurst v Massachusetts Bonding & Ins. Co.*, 21 NY2d 581 [1968])" (*Dorizas v Island Insulation Corp.*, 254 AD2d 246, 248 [1998] [internal quotation marks omitted]). Here, contrary to the buyer's assertions, the credible evidence at trial established that she had "possessory interest in the [vehicle], with its attendant characteristics of dominion and control" on the date of the accident (*Matter of Vergari v Kraisky*, 120 AD2d 739, 740 [1986]; *see Dorizas v Island Insulation Corp., supra* at 248). Accordingly, the presumption of ownership raised by the certificate of title was rebutted (*see Dorizas v Island Insulation Corp., supra*).

The buyer's remaining contentions are without merit. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.