■ MARY (LEO) CUNNINGHAM et al., as Parents and Natural Guardians of STEVEN LEO, Respondents-Appellants, v WESLEY FORD, et al., Respondents, and SUNNYSIDE CYCLE SALES, INC., Appellant-Respondent. [798 NYS2d 281]—

Appeal and cross appeal from an order of the Supreme Court, Wyoming County (Michael F. Griffith, A.J.), entered June 9, 2004. The order, inter alia, denied the motion of plaintiffs for partial summary judgment against defendant Sunnyside Cycle Sales, Inc. and denied the cross motion of defendant Sunnyside Cycle Sales, Inc. to dismiss the complaint and all cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In an action to recover damages for personal injuries, defendant Sunnyside Cycle Sales, Inc. (Sunnyside) appeals from an order that, inter alia, denied its cross motion to dismiss the complaint and all cross claims against it. Plaintiffs cross-appeal from the same order insofar as it denied their motion, which sought, inter alia, partial summary judgment against Sunnyside on the issue of the ownership of the dirt bike that allegedly caused the injuries.

Supreme Court properly denied the motion and cross motion. It is settled that "[t]itle to a motor vehicle passes when the parties intend that it pass" (*Fulater v Palmer's Granite Garage*, 90 AD2d 685, 685 [1982], *appeals dismissed* 58 NY2d 826 [1983], citing *Bornhurst v Massachusetts Bonding & Ins. Co.*, 21 NY2d

581 [1968]), and that "[g]enerally ownership is in the registered owner of the vehicle or one holding the documents of title but a party may rebut the inference that arises from these circumstances" (*id.*). As proponents of the motion for partial summary judgment, plaintiffs met their initial burden of tendering sufficient evidence to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing that, when defendants Wesley Ford and John H. Ford took possession of the dirt bike, Sunnyside retained all title documents and those defendants neither paid nor arranged financing for the purchase of the dirt bike. In response, however, Sunnyside submitted sufficient evidence to raise a triable issue of fact whether it owned the dirt bike (*see generally Aronov v Bruins Transp.*, 294 AD2d 523, 524 [2002]; *Sosnowski v Kolovas*, 127 AD2d 756, 758 [1987]). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.