OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Plaintiff commenced this action to recover damages for personal injuries she sustained when her automobile collided with another vehicle. Her complaint alleged that the other vehicle was owned by either defendant Percival Cristal or by defendant Ivy Apolonio. Cristal moved for summary judgment, claiming that, about one month prior to the accident, he sold the vehicle to Apolonio. In support of his motion, Cristal annexed copies of the bill of sale and the certificate of title which he and Apolonio signed.
“[I]t is well settled that title to a motor vehicle is transferred when the parties intend such transfer to occur” (Potter v Keefe, 261 AD2d 864, 864 [1999]; see also Dallura v Rubicco, 5 AD3d 346 [2004]; Duger v Estate of Carey, 307 AD2d 675 [2003]). However, “[a] registered owner who transfers a vehicle without removing the license plates is estopped as against an injured third party from denying ownership” (Dairylea Coop. v Rossal, 64 NY2d 1, 10 [1984]; see Matter of Allstate Ins. Co. v Gemmell, 55 NY2d 637 [1981]).
In the instant action, the accident report indicated that the vehicle which collided with plaintiffs vehicle was owned by Cristal, but driven by defendant Lara Leilanie Diaz. Inasmuch as Diaz was obligated to produce an insurance identification card to the police officer who responded to the scene (see Vehicle and Traffic Law § 600; see also Matter of Eagle Ins. Co. v Olephant, 81 AD2d 886 [1981]) and said card apparently confirmed that the license plates affixed to the vehicle were registered to Cristal, the Civil Court properly denied Cristal’s motion for summary judgment (see Dairylea Coop. v Rossal, 64 NY2d at 10).
Patterson, J.P., dissents and votes to reverse the order and grant defendant Percival Cristal’s motion for summary judgment dismissing the complaint as against him.
*35 As the majority correctly notes, title to a vehicle is “transferred when the parties intend such a transfer to occur” (Potter v Keefe, 261 AD2d 864 [1999]; see also Dallura v Rubicco, 5 AD3d 346 [2004]). Here, defendant Percival Cristal’s submissions establish, prima facie, that the intent of the parties prior to the accident was to transfer title to the vehicle to codefendant Ivy Apolonio. In a sworn affidavit, Cristal stated that he sold his vehicle to Apolonio on July 4, 2002 — approximately one month before the accident. Cristal also submitted copies of the bill of sale agreement and the certificate of title, signed by both Cristal and Apolonio, indicating that the vehicle had been sold to Apolonio on July 4, 2002.
With Cristal having established his prima facie entitlement to judgment as a matter of law, the burden shifted to plaintiff to raise a triable issue of fact. Plaintiff failed to sustain this burden. Instead, she merely offered the scant affirmation of her attorney, who had no knowledge of the facts, as well as a memorandum of law containing hearsay allegations.* These submissions, together with the police report which identified the vehicle as registered to Cristal, fell far short of raising a triable issue of fact (see e.g. Gomez v Sammy’s Transp., Inc., 19 AD3d 544 [2005]). The plaintiff failed to demonstrate in her opposing papers, through documentary evidence or otherwise, that Percival Cristal was in fact listed as the owner of the vehicle on the certificate of title in the records maintained by the Department of Motor Vehicles on the date of the accident. Absent such proof, plaintiffs papers fail to justify a denial of Cristal’s motion for summary judgment (see Duger v Estate of Carey, 307 AD2d 675, 675-676 [2003]; Spratt v Sloan, 280 AD2d 465, 465-466 [2001]; Potter v Keefe, 261 AD2d at 865-866).
Finally, I decline to follow dicta in Dairylea Coop. v Rossal (64 NY2d 1 [1984]) and Matter of Allstate Ins. Co. v Gemmell (55 NY2d 637 [1981]), on which the majority relies. At issue in those cases, unlike here, was whether a seller’s insurance carrier could deny ownership within the meaning of its policy where, at the time of the accident, the seller failed to remove the license plates before transferring the vehicle. In concluding that the carrier could deny ownership in such circumstances, the Court also commented that such failure might otherwise estop a seller from denying ownership against an injured third *36 party. Because the Court’s comments in both cases were not necessary for the Court’s determination of those cases, they are dicta and, thus, not binding upon this court (see generally People v Bethea, 67 NY2d 364, 368 n [1986]).
Rios and Belen, JJ., concur; Patterson, J.R, dissents in a separate memorandum.

 It should be noted that a memorandum of law is reserved for legal arguments. Unlike an affirmation or an affidavit, it is not a proper vehicle for alleging facts.