■ Dana J. Heye et al., Appellants, v Sandra Smith et al., Defendants, and Charles Guzdek, Jr., Respondent. [817 NYS2d 471]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), dated June 8, 2005 in a personal injury action. The order granted the motion of defendant Charles Guzdek, Jr. for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Dana J. Heye (plaintiff) in a motor vehicle accident. It is undisputed that plaintiff was driving within the speed limit on a two-lane highway when the vehicle driven by defendant Sandra Smith (Smith) crossed over into his lane, colliding with plaintiff's vehicle, and that the vehicle traveling behind plaintiff, which was driven by Charles Guzdek, Jr. (defendant), then collided with plaintiff's vehicle. Supreme Court erred in granting the motion of defendant for summary judgment dismissing the complaint against him. Defendant contended in support of his motion that he was faced with an emergency situation and took the necessary evasive action to avoid the collision. Contrary to the contention of defendant, there is an issue of fact on the record before us whether his response to the emergency situation was reasonable as a matter of law (see generally Esposito v Wright, 28 AD3d 1142 [2006]). In support of his motion, defendant submitted his deposition testimony in which he testified that, prior to the accident, he observed Smith's vehicle begin to slide and veer to the right and that he observed the collision between the vehicles driven by Smith and plaintiff when his vehicle was five car lengths away from their vehicles. Defendant testified that he "slammed on" the brakes but his vehicle slid, thus rendering him unable to stop his vehicle before it collided with plaintiff's vehicle. He further testified that he attempted to "squeeze" between the two vehicles after they collided rather than attempting to veer away from them. "Even where an emergency is found to exist, that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable" (Davis v Pimm, 228 AD2d 885, 887 [1996], lv denied 88 NY2d 815 [1996]). As a general rule, "whether a party acted prudently is a question for the trier of fact to decide" (id.), and we conclude in this case that there is an issue of fact "whether defendant's response to the [the alleged emergency] situation was that of a reasonably prudent

person" (*Caristo v Sanzone*, 96 NY2d 172, 175 [2001]). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Green, JJ.