■ WILLIAM GARCIA, Appellant, v LEON C. DAVIS, Defendant, and DANBURY FAIR HYUNDAI, LLC, Respondent. [861 NYS2d 754]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 15, 2007, which granted the motion of the defendant Danbury Fair Hyundai, LLC, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Danbury Fair Hyundai, LLC, for summary judgment dismissing the complaint insofar as asserted against it is denied.

In opposition to the prima facie showing of entitlement to judgment as a matter of law made by the defendant Danbury Fair Hyundai, LLC (hereinafter Danbury Fair), the plaintiff raised issues of fact concerning the date on which title to the subject vehicle passed to the defendant Leon C. Davis and whether Danbury Fair should be estopped from denying ownership because it allowed Davis to continue to operate the vehicle with its dealer plates for $3^{1/2}$ months after Davis took possession of the vehicle (*see Dairylea Coop. v Rossal*, 64 NY2d 1, 10 [1984]; *Matter of Allstate Ins. Co. v Gemmell*, 55 NY2d 637 [1981]; *Switzer v Aldrich*, 307 NY 56, 61 [1954]; *Reese v Reamore*, 292 NY 292, 297 [1944]; *Getz v Searles*, 265 AD2d 839, 840 [1999]; *Jamison v Walker*, 48 AD2d 320, 324 [1975]; *Alvarado v Cristal*, 11 Misc 3d 33 [2006]). Accordingly, the Supreme Court should have denied Danbury Fair's summary judgment motion.

The plaintiff's remaining contentions have been rendered academic in light of our determination. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.