*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014            517072
_____

NATIONWIDE INSURANCE COMPANY
    OF AMERICA,
                        Respondent,

        v

ANDREW R. PORTER,
                        Defendant,          MEMORANDUM AND ORDER
        and

RONALD B. PARKS et al.,
                        Appellants.
_____


Calendar Date:   September 9, 2014

Before:  Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

                    _____


        Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse (Karen J.
Krogman of counsel), for Ronald B. Parks and another, appellants.

        Hiscock & Barclay, LLP, Elmira (Justin L. Salkin of
counsel), for Andrew J. Thompson and another, appellants.

        Law Offices of Epstein Gialleonardo & Rayhill, Latham
(Jeffrey T. Culkin of counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from an order and judgment of the Supreme Court
(Rumsey, J.), entered January 23, 2013 in Tompkins County, which,
among other things, granted plaintiff's motion for summary
judgment and declared that plaintiff had no duty to defend or
indemnify defendant Andrew R. Porter.

Defendant Andrew R. Porter's 1994 Chevrolet truck was insured in 2008 by plaintiff. During the term of the policy, Porter sold the truck to a junkyard and then traded his all terrain vehicle (hereinafter ATV) to his employer, Cory Elmore, for a 1987 Dodge Aries. Porter took possession of the Dodge before receiving title and, despite Porter's requests, Elmore delayed providing title. Porter placed the license plates from his junked truck on the Dodge and used it for commuting to work.

Shortly after taking possession of the Dodge and before notifying plaintiff of any changes that occurred, Porter was in an accident. While trying to pass a car owned by defendant Edward J. Thompson and driven by defendant Andrew J. Thompson, Porter collided with a car owned and operated by defendant Ronald B. Parks in which defendant Marcia L. Parks was a passenger. Thereafter, the Parks commenced a personal injury action against Porter and the Thompsons.

Plaintiff disclaimed coverage and brought this action seeking a judgment declaring that it had no duty to defend or indemnify Porter. Plaintiff moved for summary judgment seeking such declaration and the Parks cross-moved for summary judgment declaring that plaintiff had a duty to defend and indemnify Porter. The Thompsons opposed plaintiff's motion. Supreme Court granted plaintiff's motion. The Parks and the Thompsons appeal.

The parties' rights and obligations are governed by the specific language of the insurance contract, with clear provisions given their plain meaning whereas ambiguities are construed in favor of the insured (see Wangerin v New York Cent. Mut. Fire Ins. Co., 111 AD3d 991, 992 [2013]; Pepper v Allstate Ins. Co., 20 AD3d 633, 634-635 [2005]; State Farm Mut. Ins. Co. v Glinbizzi, 9 AD3d 756, 757 [2004]). The policy issued by plaintiff to Porter set forth coverage for some situations where Porter used a motor vehicle other than the listed 1994 Chevrolet truck. These situations included standard provisions involving a temporary substitute vehicle, a newly acquired vehicle and a non-owned vehicle not furnished for regular use (see generally State Farm Mut. Auto. Ins. Co. v Bentley, 262 AD2d 739, 741 [1999]).

We consider first whether coverage extended to the 1987 Dodge under the provision for "[a] private passenger auto newly acquired by you."  Plaintiff contended, and Supreme Court held, that this provision did not apply because Porter had not yet received title or registered the Dodge under the Uniform Vehicle Certificate of Title Act (see Vehicle and Traffic Law art 46). The term "newly acquired" is not defined in the policy and, importantly, it is not limited by the policy to completed transactions that were done in full compliance with the Certificate of Title Act.  Ownership of a motor vehicle generally passes "when the parties intend that it pass" (Dallura v Rubicco, 5 AD3d 346, 347 [2004] [internal quotation marks and citations omitted]).

Here, it is undisputed that, during the month before the accident, Porter had disposed of his 1994 Chevrolet truck and, shortly thereafter, replaced it by trading his ATV (which he had recently purchased for $1,000) to Elmore for the 1987 Dodge. Although Elmore apparently indicated to Porter after the accident that the Dodge was actually owned by his girlfriend's father, there was no indication that Elmore did not have authority from the owner to make the transaction.  At the time of the transaction, Elmore took possession of the ATV and likewise Porter took absolute possession and control of the Dodge, including all of the keys.  According to Porter, the trade was final and permanent.  Porter testified that Elmore was about to produce documents so he could register the Dodge, but the accident occurred the day before Elmore was going to give him the documents.  Nonetheless, upon taking physical possession of the Dodge, Porter had placed the plates from his junked truck on the Dodge and began using it to drive to work.  Under the circumstances and considering the pertinent policy language in light of "the reasonable expectations of the average insured" (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011]), the 1987 Dodge fell within the meaning of replacement auto newly acquired by Porter at the time of the accident and, accordingly, was covered under plaintiff's policy.

The remaining arguments regarding the applicability, if any, of the temporary substitute vehicle and non-owned vehicle provisions of the policy are academic.

Rose, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order and judgment is reversed, on the law, with one bill of costs, plaintiff's motion denied, cross motion by defendants Ronald B. Parks and Marcia L. Parks granted, and it is declared that plaintiff has a duty to defend and indemnify defendant Andrew R. Porter.


ENTER:

Robert D. Mayberger
Clerk of the Court