# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**234**
**CA 15-00478**
PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

FRANCIS P. OSCIER, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOANNE V. MUSTY, DEFENDANT-RESPONDENT-APPELLANT,
ANTHONY J. MINGARELLI, JR.,
DEFENDANT-APPELLANT-RESPONDENT,
ET AL., DEFENDANT.
(APPEAL NO. 1.)

---

COHEN & LOMBARDO, P.C., BUFFALO (CHRISTOPHER R. POOLE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (LEO T. FABRIZI OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

PERLA & PERLA, LLP, BUFFALO (MICHAEL M. METZGER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Jeremiah J. Moriarty, III, J.), entered December 15, 2014. The order denied the cross motion of defendant Anthony J. Mingarelli, Jr., and the cross motion of defendant Joanne V. Musty for summary judgment with respect to the emergency doctrine.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from a negligence action in which plaintiff seeks damages for personal injuries sustained in a motor vehicle accident that allegedly occurred when a vehicle driven by defendant Anthony J. Mingarelli, Jr., struck a vehicle being operated by plaintiff, which was stopped at a stop sign. At a deposition, Mingarelli testified that he swerved to avoid a vehicle driven by defendant Joanne V. Musty, which had proceeded through a stop sign on the opposite side of the intersection from plaintiff and began to enter Mingarelli's lane of travel, and that his vehicle slid on the ice and snow when he took evasive action, resulting in his vehicle striking plaintiff's vehicle. Musty testified at a deposition that she inched slowly into the intersection because her view was blocked, and that she stopped her vehicle before it entered Mingarelli's lane of travel.

Plaintiff commenced this action against Mingarelli, Musty, and

defendant T&T Concrete, Inc. (T&T), alleging that Musty and Mingarelli were negligent and that T&T was vicariously liable for Mingarelli's negligence because it was an owner of the vehicle operated by Mingarelli. In appeal No. 1, Mingarelli appeals and Musty cross-appeals from an order that, inter alia, denied Mingarelli's cross motion for summary judgment dismissing the complaint and all cross claims against him, and denied that part of Musty's cross motion seeking summary judgment dismissing Mingarelli's affirmative defense based on the emergency doctrine. In appeal No. 2, plaintiff appeals and Musty appeals from an order that granted T&T's motion for summary judgment dismissing the complaint against it. In appeal No. 3, Musty appeals from an order that granted T&T's separate motion for summary judgment dismissing Musty's cross claims against it.

In appeal No. 1, Mingarelli contends that Supreme Court erred in denying his cross motion because the emergency doctrine absolved him from liability and, on her cross appeal, Musty contends that the court erred in denying that part of her cross motion for summary judgment dismissing Mingarelli's affirmative defense based on the emergency doctrine. We reject both contentions. Even assuming, arguendo, that Mingarelli met his "initial burden [of] establishing that the emergency doctrine applied, inasmuch as [he testified] that [Musty]'s vehicle unexpectedly crossed over into [his] lane of travel, [that he] had been operating his vehicle in a lawful and prudent manner, and [that he] had little time to react to avoid the collision" (*Shanahan v Mackowiak*, 111 AD3d 1328, 1329; *see Albert v Machols*, 129 AD3d 1481, 1482; *see generally Caristo v Sanzone*, 96 NY2d 172, 174), we conclude that plaintiff and Musty raised a triable issue of fact by submitting Musty's deposition testimony in which she testified that she stopped before she reached the middle of the intersection and did not enter Mingarelli's lane of travel. Furthermore, "[e]ven where an emergency is found to exist, that does not automatically absolve one from liability; a party may still be found negligent if the acts in response to the emergency are found to be unreasonable" (*Davis v Pimm*, 228 AD2d 885, 887, *lv denied* 88 NY2d 815; *see Esposito v Wright*, 28 AD3d 1142, 1143; *see also Heye v Smith*, 30 AD3d 991, 992), and plaintiff and Musty submitted evidence that raised an issue of fact whether Mingarelli acted unreasonably in response to any emergency that may have existed. Given the existence of issues of fact regarding the applicability of the emergency doctrine to this case, the court properly denied both cross motions with respect to that defense. We have considered Musty's remaining contention in appeal No. 1, and we conclude that it is without merit.

Contrary to the contentions of plaintiff and Musty in appeal No. 2 and Musty in appeal No. 3, the court properly granted the motions of T&T for summary judgment dismissing the complaint and all cross claims against it. Plaintiff sought to impose vicarious liability on T&T, contending that it was an owner of the vehicle operated by Mingarelli, who was T&T's sole principal, and Musty's cross motion was based on the same theory of liability. Plaintiff and Musty contended that T&T was liable pursuant to Vehicle and Traffic Law § 388, which states that an owner shall be liable for death or injuries resulting from the negligent use of the vehicle (*see* § 388 [1]), and which further states

that an " 'owner' shall be as defined in section one hundred twenty-eight of this chapter and their liability under this section shall be joint and several" (§ 388 [2]).  In support of its motions, T&T submitted evidence including the title to the vehicle, which was in Mingarelli's name, Mingarelli's deposition testimony in which he testified that he used the vehicle for personal use only, evidence establishing that the accident occurred on a Saturday while Mingarelli was not engaged in work activity, his personal insurance policy covering the vehicle, and T&T's corporate insurance policy, which did not cover it.  That evidence met T&T's burden on its motions of establishing that Mingarelli "had the sole possessory interest in, as well as dominion and control over, the vehicle at the time of the accident" (*Duger v Estate of Carey*, 307 AD2d 675, 676; *see generally Godfrey v G.E. Capital Auto Lease, Inc.*, 89 AD3d 471, 477, *lv dismissed* 18 NY3d 951, *lv denied* 19 NY3d 816).  "Under these circumstances, failure to register the vehicle with the Department of Motor Vehicles [in Mingarelli's name] is not enough to raise an issue of fact in regard to ownership" (*Duger*, 307 AD2d at 676; *cf. Allstate Ins. Co. v Persampire*, 45 AD3d 706, 706-707; *see also Spratt v Sloan*, 280 AD2d 465, 466).

Entered:  April 29, 2016                      Frances E. Cafarell
                                              Clerk of the Court