Landers v Howell Motors, Inc. (2021 NY Slip Op 01904)





Landers v Howell Motors, Inc.


2021 NY Slip Op 01904


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


271 CA 19-02363

[*1]ONNALEE F. LANDERS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF FRANCIS J. LANDERS, DECEASED, PLAINTIFF-RESPONDENT,
v
HOWELL MOTORS, INC. AND MICHAEL J. LANDERS, DEFENDANTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (GARRY M. GRABER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
MUSCATO, DIMILLO & VONA, LLP, LOCKPORT (GEORGE V.C. MUSCATO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 26, 2019. The order denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this litigation arising from a dispute over the ownership of a motor vehicle, defendants appeal from an order denying their motion for summary judgment dismissing the complaint. We affirm. Ownership of a vehicle passes "when the parties intend that it pass" (Abele Tractor & Equip. Co., Inc. v Schaeffer, 188 AD3d 1500, 1502 [3d Dept 2020] [internal quotation marks omitted]; see Cunningham v Ford, 20 AD3d 897, 897-898 [4th Dept 2005]), and defendants' own evidentiary submissions created an issue of fact whether defendant Howell Motors, Inc., intended to transfer ownership of the subject vehicle to plaintiff's decedent prior to his death (see generally Abele Tractor & Equip. Co., Inc., 188 AD3d at 1503; Portillo v Carlson, 167 AD3d 792, 793 [2d Dept 2018]; Duger v Estate of Carey, 307 AD2d 675, 676 [3d Dept 2003]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court