■■■ ALFRED CARDOT et al., Individually and as Parents and Natural Guardians of ANDREW CARDOT and Others, Infants, Respondents, v ANN M. GENOVA, Appellant, et al., Defendant. [720 NYS2d 698] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages for injuries that they sustained when the vehicle in which they were traveling collided with the vehicle driven by Ann M. Genova (defendant). Plaintiffs and defendant were traveling in opposite directions on a two-lane, snow-covered road. Defendant lost control of her vehicle and crossed over into plaintiffs' lane of travel, and the passenger side of defendant's vehicle collided with the front of plaintiffs' vehicle. Defendant alleged in a counterclaim that the negligence of Alfred Cardot (plaintiff), the other driver, caused the accident.

Supreme Court properly granted plaintiff's motion for summary judgment dismissing defendant's counterclaim. Plaintiff established as a matter of law that the sole proximate cause of the accident was defendant's conduct in crossing the road into plaintiff's lane of travel, and defendant failed to raise an issue of fact (*see, Hanover Ins. Co. v Washburn*, 219 AD2d 773, 774). Plaintiff was not required to anticipate that defendant's vehicle, traveling in the opposite direction, would cross over into his lane of travel (*see, Fiore v Mitrowitz*, 280 AD2d 919 [decided herewith]; *Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84

NY2d 809; *Gouchie v Gill,* 198 AD2d 862). In opposition to the motion, defendant merely speculated that plaintiff might have done something different to avoid the accident. That speculation is insufficient to raise an issue of fact concerning plaintiff's negligence (*see, Cardy v Garretson,* 277 AD2d 1039; *Tran v Nowak,* 245 AD2d 1083, 1084; *Jordan v Bowen,* 239 AD2d 910, 911). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.