MARY C. WASSON, Individually and as Mother and Natural Guardian of STEVEN R. WASSON and Another, Infants, and as Administratrix of the Estate of DOUGLAS A. WASSON, Deceased, Respondent, v WILLIAM R. SZAFARSKI et al., Appellants. [776 NYS2d 423]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered October 15, 2003. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury and wrongful death action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint. Plaintiff commenced this wrongful death action after her husband (decedent) was killed in a motor vehicle accident on Route 20 in the Town of Darien. The vehicle operated by decedent crossed over into the opposite lane of traffic and collided head-on with the vehicle operated by defendant William R. Szafarski and owned by defendant Bison Waste Oil Company, Inc.

Contrary to plaintiff's contention, defendants established in support of their motion "both that [decedent's] vehicle suddenly entered the lane where [Szafarski] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [Szafarski] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822 [2000]). The burden then shifted to plaintiff to produce evidentiary proof in

admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "While a plaintiff in a wrongful death case is held to a lesser standard of proof . . . , 'that does not relieve the plaintiff of the obligation to provide some proof from which negligence could reasonably be inferred' " (*Coughlin v Bartnick*, 293 AD2d 509, 510 [2002]). Thus, " '[u]nless there is some evidence, even if weak, upon which a jury could find [Szafarski] negligent, the complaint must be dismissed' " (*Smith v Stark*, 67 NY2d 693, 695 [1986]; *see also Elmer v Kratzer*, 267 AD2d 1073 [1999], *lv denied* 94 NY2d 763 [2000]).

Plaintiff contends that the affidavit of her expert was sufficient for that purpose. We disagree. Although the expert opined that the sight distance of Szafarski as he approached the accident scene was "at least six seconds before impact," the expert expressed no opinion regarding when decedent's vehicle crossed the center line and how long Szafarski then had to react. "[A] driver in his or her proper lane of travel is not required to anticipate that a vehicle proceeding in the opposite direction will cross over into oncoming traffic" (*Wenck v Zillioux*, 246 AD2d 717, 718 [1998]).

The expert also opined that Szafarski negligently reacted to decedent's oncoming vehicle by veering his vehicle into the eastbound lane rather than steering a straight course or veering away from decedent's vehicle. The expert, however, offered no evidence to support that opinion, which is based on the assumption that the accident occurred in the eastbound rather than the westbound lane. All the evidence indicates otherwise. "The speculative affidavit of plaintiff's expert containing alternative explanations concerning the manner in which the accident occurred is insufficient to defeat the [summary judgment] motion" (*Van Ostberg v Crane*, 273 AD2d 895, 896 [2000]).

In any event, even accepting as true the opinion of plaintiff's expert that Szafarski veered into the eastbound lane, we nevertheless conclude that the court erred in denying defendants' motion. It is well settled that "[a] driver faced with a vehicle careening across the highway directly into his path 'is not liable for [his] failure to exercise the best judgment or for any error[s] of judgment on [his] part' " (*Gouchie v Gill*, 198 AD2d 862, 862 [1993]; *see Palmer v Palmer*, 31 AD2d 876, 877 [1969], *affd* 27 NY2d 945 [1970]; *Velez v Diaz*, 227 AD2d 615 [1996]). Present— Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.