■ TRACY HUMPHREY, Respondent, v KA CHOYA's, INC., et al., Defendants, and ANTALON JACKSON et al., Appellants. [793 NYS2d 302]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered January 13, 2004. The order denied the motion of defendants Antalon Jackson and Vivian Jackson for summary judgment dismissing the complaint against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint against defendants Antalon Jackson and Vivian Jackson is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle in which she was a passenger struck a tree. Plaintiff has no recollection of the accident. Defendant Antalon Jackson, the driver of a vehicle that plaintiff alleges was involved in the accident, and defendant Vivian Jackson, the owner of that vehicle, moved for summary judgment dismissing the complaint against them. In denying the motion, Supreme Court determined that there was sufficient circumstantial evidence from which it could be inferred that the Jackson vehicle was involved in the accident and that Antalon's negligence was a proximate cause of the accident. We reverse.

According to the deposition testimony of Antalon, he was at a park south of Buffalo with, inter alia, plaintiff and her sister prior to the accident. He testified that he left the park in a silver Ford Expedition owned by his mother at approximately the same time that defendant Clent Walker left in a vehicle in which plaintiff was a passenger. Antalon further testified that, before he left the park, he noticed that his vehicle was damaged. He testified that he drove into the City of Buffalo and came upon the accident involving plaintiff.

In opposition to the motion, plaintiff submitted the deposition testimony of her sister, who was driving to Buffalo in a third vehicle. She testified that she observed Antalon and Clent racing their vehicles on Route 5 toward the City of Buffalo. Plaintiff's sister eventually lost sight of the vehicles and, when she arrived at the scene of the accident, Antalon's vehicle was not there.

She further testified that Antalon arrived shortly thereafter. In addition, plaintiff's sister testified that there was no damage to the Jackson vehicle when Antalon left the park.

We conclude that the Jackson defendants established their entitlement to judgment as a matter of law and that plaintiff failed to raise a triable issue of fact. We reject plaintiff's unsubstantiated inference that Antalon and Clent continued to race until the time of the accident. Nor is there merit to the contention of plaintiff that the motion should be denied because she would be entitled to a lesser burden of proof at trial under the rule set forth in *Noseworthy v City of New York* (298 NY 76 [1948]) inasmuch as she suffered amnesia as a result of the accident. Plaintiff nevertheless has the burden of raising a triable issue of fact with respect to the negligence of Antalon to defeat the motion of the Jackson defendants before the *Noseworthy* rule may be applied, and she failed to meet that burden (*see Smith v Stark*, 67 NY2d 693, 694-695 [1986]). " 'Unless there is some evidence, even if weak, upon which a jury could find [Antalon] negligent[,] the complaint must be dismissed [against the Jackson defendants]' " (*id.* at 695). Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.