# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**290**

**CA 11-01493**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

KRISTINE SIMMONS-KINDRON, PLAINTIFF-RESPONDENT,

                    V                          MEMORANDUM AND ORDER

1218770 ONTARIO INC., DOING BUSINESS AS FYKE
TRADING CO., VICTOR J. NICKERSON,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (ERIC S. BERNHARDT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

DAVID W. POLAK ATTORNEY AT LAW, P.C., WEST SENECA (DAVID W. POLAK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 7, 2010 in a personal injury action. The order denied the motion of defendants 1218770 Ontario Inc., doing business as Fyke Trading Co., and Victor J. Nickerson for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint against defendants 1218770 Ontario Inc., doing business as Fyke Trading Co., and Victor J. Nickerson is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was driving was rear-ended by a truck owned by 1218770 Ontario Inc., doing business as Fyke Trading Co., and driven by Victor J. Nickerson (collectively, defendants). We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them based on the emergency doctrine. That doctrine " 'recognizes that when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' " (*Caristo v Sanzone*, 96 NY2d 172, 174, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990). "[I]t generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response thereto was reasonable" (*Schlanger v Doe*, 53 AD3d

827, 828; *see Heye v Smith*, 30 AD3d 991, 992; *Esposito v Wright*, 28
AD3d 1142, 1143).  Nevertheless, summary judgment is appropriate
" 'when the driver presents sufficient evidence to establish the
reasonableness of his or her actions and there is no opposing
evidentiary showing sufficient to raise a legitimate question of fact
on the issue' " (*McGraw v Glowacki*, 303 AD2d 968, 969; *see Ward v
Cox*, 38 AD3d 313, 314).

Defendants met their initial burden of establishing that
Nickerson was confronted with an emergency situation when plaintiff
suddenly entered his lane and that there was nothing he could have
done to avoid the collision (*see Hotkins v New York City Tr. Auth.*, 7
AD3d 474, 475; *Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 741-
742; *cf. Fratangelo v Benson*, 294 AD2d 880, 881).  In support of the
motion, defendants submitted the deposition testimony of plaintiff and
Nickerson.  Plaintiff, who was traveling in the left lane of traffic,
admitted that she moved her vehicle to the right lane when traffic in
front of her slowed down, but that she failed to observe Nickerson's
truck in the right lane.  Nickerson testified that he observed
plaintiff brake and drive directly in front of his truck.  He further
testified that he had no time to apply his brakes or to take any
evasive action.  Indeed, he was moving his foot to the brake pedal
when the impact occurred.

In opposition to the motion, plaintiff failed to raise a triable
issue of fact whether Nickerson "was negligent in failing to take
evasive action to avoid the collision" (*Lupowitz v Fogarty*, 295 AD2d
576, 576).  Plaintiff submitted the deposition testimony of another
defendant driver who was behind the truck and who testified that
Nickerson may have been traveling 60 to 65 miles per hour immediately
before the accident.  She failed to demonstrate, however, that
Nickerson could have avoided the collision regardless of his speed
(*see Lucksinger*, 280 AD2d at 742).  Further, plaintiff's expert
affidavit was insufficient to raise a triable issue of fact with
respect to the reasonableness of Nickerson's actions (*see Wasson v
Szafarski*, 6 AD3d 1182, 1183).

Entered:  March 16, 2012                          Frances E. Cafarell
                                                  Clerk of the Court