# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1034**

**CA 12-00305**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

MICHELLE STEWART, PLAINTIFF-RESPONDENT,

V                                                         MEMORANDUM AND ORDER

SUZANNE KIER, CHARLENE HAUSER,
DEFENDANTS-RESPONDENTS,
ANNIE WALDRON AND SAMMIE HANNAH,
DEFENDANTS-APPELLANTS.

---

CULLEY, MARKS, TANENBAUM & PEZZULO, LLP, ROCHESTER (GARY J. GIANFORTI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

GALLO & IACOVANGELO, LLP, ROCHESTER (DAVID D. SPOTO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

LAW OFFICES OF LAURIE G. OGDEN, ROCHESTER (DAVID F. BOWEN OF COUNSEL), FOR DEFENDANT-RESPONDENT CHARLENE HAUSER.

BARTH SULLIVAN BEHR, BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT SUZANNE KIER.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 18, 2011 in a personal injury action. The order denied the motion of defendants Annie Waldron and Sammie Hannah for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint and cross claims against defendants Annie Waldron and Sammie Hannah are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident when she was a passenger in a vehicle operated by Annie Waldron and owned by Sammie Hannah (defendants). The accident occurred when a vehicle operated by defendant Suzanne Kier collided with the vehicle operated by Waldron. Kier and Waldron were driving in opposite directions on a two-lane highway, and the vehicle driven by Kier entered Waldron's lane of travel. Immediately after the collision, a vehicle driven by defendant Charlene Hauser, who had been traveling behind Waldron, collided with the back of Waldron's vehicle. Defendants moved for summary judgment dismissing the complaint and cross claims against them, contending that the emergency doctrine applied and that Waldron's actions were reasonable under the circumstances. We agree

with defendants that Supreme Court erred in denying their motion.

Under the emergency doctrine, " 'when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the [driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context' . . . , provided the [driver] has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327, *rearg denied* 77 NY2d 990).  It is also well established that a driver is "not required to anticipate that [another driver's] vehicle, traveling in the opposite direction, would cross over into his [or her] lane of travel" (*Cardot v Genova*, 280 AD2d 983, 983).

Here, defendants met their initial burden by establishing as a matter of law that the emergency doctrine applied, inasmuch as Kier's vehicle unexpectedly crossed over into Waldron's lane of travel and deposition testimony established that Waldron had little or no time to react or avoid the collision (*see Caristo*, 96 NY2d at 174).  In response, plaintiff failed to raise an issue of fact with respect to the applicability of the emergency doctrine or the reasonableness of Waldron's actions.  Although "it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response thereto was reasonable" (*Schlanger v Doe*, 53 AD3d 827, 828), summary judgment is appropriate where, as here, " 'the driver presents sufficient evidence to establish the reasonableness of his or her actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact' " (*McGraw v Glowacki*, 303 AD2d 968, 969; *see Ward v Cox*, 38 AD3d 313, 314).  The contentions of plaintiff, Kier, and Hauser that Waldron may have had sufficient time to react to the crossover vehicle or that Waldron was driving at an excessive rate of speed for the road conditions are speculative and thus are insufficient to raise an issue of fact to defeat the motion (*see generally Bellassai v Roberts Wesleyan Coll.*, 59 AD3d 1125, 1126).

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court