# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1105**

**CA 13-00549**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

REGINA M. SHANAHAN, AS EXECUTRIX OF THE ESTATE
OF DANIEL B. SHANAHAN, JR., DECEASED,
PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JOHN A. MACKOWIAK AND VALERIE MACKOWIAK,
DEFENDANTS-APPELLANTS.

---

GOLDBERG SEGALLA LLP, BUFFALO (JAMES M. PAULINO, II, OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

ROBERT H. PERK, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County
(Christopher J. Burns, J.), entered June 28, 2012. The order denied
the motion of defendants for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint is dismissed.

Memorandum: Plaintiff commenced this wrongful death action as
executrix of the estate of Daniel B. Shanahan, Jr. (decedent), seeking
damages for fatal injuries sustained by decedent in a motor vehicle
accident. The accident occurred when the vehicle operated by decedent
crossed over into the opposite lane of traffic and collided with a
vehicle operated by John A. Mackowiak (defendant). Defendants moved
for summary judgment dismissing the complaint, contending that
decedent's conduct in crossing into defendant's lane of travel was the
sole proximate cause of the accident and that defendant did not have
time to react to avoid the collision. We agree with defendants that
Supreme Court erred in denying their motion.

Under the emergency doctrine, " 'when [a driver] is faced with a
sudden and unexpected circumstance which leaves little or no time for
thought, deliberation or consideration, or causes [the driver] to be
reasonably so disturbed that [he or she] must make a speedy decision
without weighing alternative courses of conduct, the [driver] may not
be negligent if the actions taken are reasonable and prudent in the
emergency context, provided the [driver] has not created the
emergency' " (*Caristo v Sanzone*, 96 NY2d 172, 174; *see Lifson v City
of Syracuse*, 17 NY3d 492, 497; *Stewart v Kier*, 100 AD3d 1389, 1389-

1390). It is well established that a driver is "not required to anticipate that [a] vehicle, traveling in the opposite direction, [will] cross over into his [or her] lane of travel" (*Cardot v Genova*, 280 AD2d 983, 983; *see Wasson v Szafarski*, 6 AD3d 1182, 1183).

Here, defendants met their initial burden by establishing that the emergency doctrine applied, inasmuch as they established that decedent's vehicle unexpectedly crossed over into defendant's lane of travel, defendant had been operating his vehicle in a lawful and prudent manner, and defendant had little time to react to avoid the collision (*see generally Kweh v Edmunds*, 93 AD3d 1247, 1248; *Clough v Szymanski*, 26 AD3d 894, 895; *Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822). Although "it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response was reasonable" (*Schlanger v Doe*, 53 AD3d 827, 828; *see Stewart*, 100 AD3d at 1390), we conclude that summary judgment is appropriate here because defendants presented "sufficient evidence to establish the reasonableness of [defendant's] actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact" (*Patterson v Central N.Y. Regional Transp. Auth.* [CNYRTA], 94 AD3d 1565, 1566, *lv denied* 19 NY3d 815 [internal quotation marks omitted]). The speculative assertion of plaintiff's expert that decedent's vehicle was in defendant's lane of travel for a sufficient period of time for defendant to have avoided the collision is insufficient to raise an issue of fact to defeat the motion (*see Hubbard v County of Madison*, 93 AD3d 939, 942, *lv denied* 19 NY3d 805; *Wasson*, 6 AD3d at 1183).

We reject plaintiff's contention that she was entitled to a less stringent burden of proof in establishing the existence of an issue of fact, pursuant to *Noseworthy v City of New York* (298 NY 76, 80). Plaintiff "has the burden of raising a triable issue of fact . . . before the *Noseworthy* rule may be applied, and she failed to meet that burden" (*Humphrey v Ka Choya's, Inc.*, 16 AD3d 1029, 1030; *see Smith v Stark*, 67 NY2d 693, 694-695).

Entered: November 8, 2013                    Frances E. Cafarell
                                             Clerk of the Court