Appeal from an order of the Supreme Court, Onondaga County (Hugh A. Gilbert, J.), entered June 12, 2013 in a personal injury action. The order granted defendants’ motion for summary judgment dismissing the complaint.
It is hereby ordered that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries sustained when the truck in which he was a passenger was struck by a van driven by defendant William E. Lonkey. Supreme Court properly granted defendants’ motion for summary judgment dismissing the complaint. Defendants met their initial burden “by establishing that [Lonkey] was driving within the speed limit, that he did not have time to avoid the collision, and that plaintiff was entering the roadway from a parking lot” (Rak v Kossakowski, 24 AD3d 1191, 1191 [2005]). Defendants submitted the affidavit of Lonkey, who averred that he was not speeding and that, when he saw the truck pulling out of the parking lot, he applied the brakes and attempted to steer to the right and the left but was unable to avoid the collision. He averred that “[t]here was virtually no time between when I first saw the truck and when the collision occurred[,] and there was nothing I could have done to avoid the collision.” Defendants also submitted plaintiffs deposition *1296 testimony. Although plaintiff initially testified that he first saw the van driven by Lonkey “before it got to the bushes,” he later testified that, when his coworker started to pull out of the parking lot, plaintiff “didn’t see no van, no truck, period.” He heard “a skid, ‘errrr,’ and boom, that was it.”
In opposition to the motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff relies on his testimony at his deposition that Lonkey was speeding, but plaintiff testified that he believed that Lonkey was speeding based on the length of the skid mark and the fact that the collision caused the truck to flip over. Plaintiff was not qualified as an expert, and therefore his opinion that Lonkey was speeding based on the skid mark and force of the collision is speculative and without any probative value (see Stewart v Kier, 100 AD3d 1389, 1390 [2012]). Moreover, even assuming, arguendo, that plaintiffs testimony raises a triable issue of fact whether Lonkey was speeding, we conclude that there was no triable issue raised whether Lonkey could have done anything different to avoid the collision (see Daniels v Rumsey, 111 AD3d 1408, 1410 [2013]; SimmonsKindron v 1218770 Ontario Inc., 93 AD3d 1215, 1216 [2012]). Indeed, we note that, when plaintiff was asked at his deposition whether his coworker took any action to avoid the collision, he responded, “what could you do? It was too late.” Contrary to plaintiffs contention, the affidavit of his expert did not raise a triable issue of fact inasmuch as it was speculative and conclusory regarding Lonkey’s speed and whether he could have avoided the collision (see Shanahan v Mackowiak, 111 AD3d 1328, 1330 [2013]; Lescenski v Williams, 90 AD3d 1705, 1706 [2011], lv denied 18 NY3d 811 [2012]).
All concur except Whalen, J., who dissents and votes to reverse in accordance with the following memorandum.