# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

283
CA 12-02009
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

CHARLES R. HILL AND CATHY HILL, INDIVIDUALLY
AND AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,

V                                             MEMORANDUM AND ORDER

THOMAS P. CASH, AS COADMINISTRATOR OF THE ESTATE
OF BRETT W. RIETHMILLER, DECEASED, CYNTHIA D.
RIETHMILLER, AS COADMINISTRATOR OF THE ESTATE OF
BRETT W. RIETHMILLER, DECEASED, THOMAS P. CASH
AND CYNTHIA D. RIETHMILLER, AS COADMINISTRATORS
OF THE ESTATE OF BRETT W. RIETHMILLER, DOING
BUSINESS AS ELM STREET AUTOMOTIVE,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

BROWN & KELLY, LLP, BUFFALO (H. WARD HAMLIN, JR., OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Michael L. Nenno, A.J.), entered February 15, 2012.  The order denied
plaintiffs' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting plaintiffs' motion in part
and dismissing the fifth affirmative defense of defendants Thomas P.
Cash and Cynthia D. Riethmiller, as coadministrators of the estate of
Brett W. Riethmiller, doing business as Elm Street Automotive, and the
second affirmative defense of defendants Thomas P. Cash and Cynthia D.
Riethmiller, as coadministrators of the estate of Brett W.
Riethmiller, and as modified the order is affirmed without costs.

Memorandum:  In appeal No. 1, plaintiffs appeal from an order
that denied their motion for "[s]ummary judgment on negligence,
serious injury and liability," as well as "dismissal of certain
affirmative defenses."  In appeal No. 2, defendant Charles R. Hill
(Hill), who is also a plaintiff in appeal No. 1, appeals from an order
that denied his motion for summary judgment "on negligence," which
thus sought summary judgment dismissing the complaint against him.  We
modify the order in appeal No. 1 by granting plaintiffs' motion in
part and dismissing the fifth affirmative defense of defendants Thomas
P. Cash and Cynthia D. Riethmiller, as coadministrators of the estate

of Brett W. Riethmiller, doing business as Elm Street Automotive, which alleges Hill's culpable conduct, and the second affirmative defense of defendants Thomas P. Cash and Cynthia D. Riethmiller, as coadministrators of the estate of Brett W. Riethmiller, which also alleges Hill's culpable conduct. We reverse the order in appeal No. 2, and we grant Hill's motion.

These actions arise from a motor vehicle accident that occurred on August 12, 2007 on Route 16 near its intersection with Plymouth Avenue in Farmersville. The relevant part of Route 16 is straight and flat, and it has two lanes of travel that are bounded by fog lines and separated by a broken yellow line. The posted speed limit in that area of Route 16 is 45 miles per hour.

At approximately 9:25 a.m. on the date of the accident, the weather was dry and sunny, and Hill was driving his pickup truck southbound at a speed of 40 miles per hour on the part of Route 16 in question. At the same time, Brett W. Riethmiller (decedent) was operating his vehicle in the northbound lane of the relevant part of Route 16, with his wife, Penny C. Riethmiller (Penny), traveling as a front seat passenger. The administratrix of Penny's estate is the plaintiff in appeal No. 2, while Hill and his wife are the plaintiffs in appeal No. 1. According to Hill's deposition testimony, he observed decedent's vehicle from a distance of approximately a quarter of a mile, and at some point thereafter he noticed a deer approximately 200 to 300 yards ahead of his vehicle and 100 yards to the right of the roadway. Hill was traveling at a speed of 35 to 40 miles per hour at the time, and the deer was running full speed through a grass field toward Route 16.

There was nothing to obstruct the deer's path from the field to Route 16, and at some point the deer entered the southbound lane of traffic ahead of Hill's vehicle. Hill continuously watched the deer from the time he noticed it to the time it entered the roadway, and he immediately removed his foot from the accelerator of his vehicle when he saw the deer enter the roadway. Hill watched the deer until it left his lane and entered the northbound lane of traffic, and he did not move his vehicle to the left or to the right between the time he first saw the deer and the time it entered the northbound lane of traffic on Route 16, i.e., Hill continued to drive straight down Route 16 during that time. The deer was approximately 200 yards in front of Hill when it was in the southbound lane of traffic, and Hill did not apply his brakes between the time he first noticed the deer and the point at which it entered the northbound lane of traffic on Route 16 because the deer was far enough away that Hill knew he would not strike it with his vehicle. Hill did not see the deer after it entered the northbound lane of traffic on Route 16, and he assumed that it was going to continue straight across the roadway into a nearby cornfield.

Hill, however, observed decedent's vehicle leave its northbound lane of travel on Route 16 and enter the southbound lane as the deer entered northbound traffic. Hill did not hear the sound of a horn from decedent's vehicle before it entered the southbound lane of

traffic, nor did he hear the sound of any tires screeching until just before decedent's vehicle collided with Hill's vehicle. Hill applied his brakes as soon as he noticed decedent's vehicle leave the northbound lane of Route 16 and enter Hill's southbound lane of traffic, and at the same time he swerved to the right in an unsuccessful attempt to avoid an impact. Hill's vehicle collided with decedent's vehicle on the shoulder adjacent to the southbound lane of Route 16 between the fog line and the guide rail that ran parallel to that part of that roadway.

We conclude in appeal No. 1 that Supreme Court properly denied that part of plaintiffs' motion seeking summary judgment on the issue of serious injury solely under the 90/180-day category (*see* Insurance Law § 5102 [d]). That category requires proof that the injury "prevents a person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment" (*Nitti v Clerrico*, 98 NY2d 345, 357 n 5). A plaintiff must establish that he or she suffered a " 'medically determined injury or impairment of a non-permanent nature . . . as well as . . . that [his or her] activities were curtailed to a great extent' by that injury" (*Cummings v Jiayan Gu*, 42 AD3d 920, 921). "Although this statutory category lacks the 'significant' and 'consequential' terminology of the two [abovementioned categories], a plaintiff must present objective evidence of 'a medically determined injury or impairment of a non-permanent nature' " (*Nitti*, 98 NY2d at 357, quoting Insurance Law § 5102 [d]).

"[A] causally-related emotional injury, alone or in combination with a physical injury, can constitute a serious injury" (*Smith v Besanceney*, 61 AD3d 1336, 1337 [internal quotation marks omitted]), and posttraumatic stress disorder (PTSD) "may constitute such an injury when it is causally related to a motor vehicle accident and demonstrated by objective medical evidence" (*Krivit v Pitula*, 79 AD3d 1432, 1432). Moreover, "PTSD may be demonstrated without diagnostic testing for purposes of Insurance Law § 5102 (d) by symptoms objectively observed by treating physicians and established by the testimony of the injured plaintiff and others who observe the injured plaintiff" (*id.* at 1434).

Even assuming, arguendo, that plaintiffs met their initial burden on the issue of serious injury, we conclude that defendants raised an issue of fact sufficient to defeat the motion by submitting the records of Hill's psychologist (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Contrary to plaintiffs' contention, defendants were entitled to rely on those records despite the fact that they were unsworn inasmuch as they were prepared by plaintiff's treating psychologist (*see Franchini v Palmieri*, 1 NY3d 536, 537; *Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26, 29-30; *Pagano v Kingsbury*, 182 AD2d 268, 270-271).

We agree with plaintiffs in appeal No. 1, however, that the court

erred in denying those parts of their motion seeking dismissal of the affirmative defenses alleging Hill's culpable conduct based on the application of the emergency doctrine, and we conclude that the court likewise erred in denying Hill's motion for summary judgment in appeal No. 2 on the issue of his alleged negligence based on the application of that doctrine. "Under the emergency doctrine, ' "when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes [the driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the [driver] has not created the emergency" ' (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001] [citation omitted]; *see Lifson v City of Syracuse*, 17 NY3d 492, 497 [2011]; *Stewart v Kier*, 100 AD3d 1389, 1389-1390 [2012]). It is well established that a driver is 'not required to anticipate that [a] vehicle, traveling in the opposite direction, [will] cross over into his [or her] lane of travel' " (*Shanahan v Mackowiak*, 111 AD3d 1328, 1329).

Here, plaintiffs met their initial burden on that part of the motion with respect to the affirmative defenses, and Hill met his initial burden on his motion in appeal No. 2, by demonstrating that the accident occurred after the vehicle operated by decedent entered the path of the oncoming automobile operated by Hill suddenly and without warning, and that there was nothing Hill could have done to avoid the collision (*see Shanahan*, 111 AD3d at 1329; *Kweh v Edmunds*, 93 AD3d 1247, 1248; *Wasson v Szafarski*, 6 AD3d 1182, 1183). The record establishes that, on the dry and sunny day in question, Hill was driving under the posted speed limit on the straight, flat part of Route 16 in the area where the accident occurred. Hill monitored the deer in question, which initially was running through a grass field, and continued to drive straight but slowed his vehicle as he approached that animal. The vehicle operated by decedent entered Hill's lane of traffic without warning, and Hill applied his brakes and swerved to the right as soon as he saw decedent's vehicle cross into his lane. The absence of expert evidence on this issue is of no moment inasmuch as, "[i]n a cross-over collision case, a defendant [or a plaintiff seeking dismissal of an affirmative defense] may meet the burden of establishing entitlement to summary judgment [or dismissal of the affirmative defense] under the emergency doctrine even when '[t]he only evidence in the record concerning [the movant's] conduct' is [his or her] own [deposition] testimony" (*Cancellaro v Shults*, 68 AD3d 1234, 1236-1237, *lv denied* 14 NY3d 706).

In opposition to the motions, defendants in appeal No. 1 and plaintiff in appeal No. 2 failed to raise an issue of fact as to the applicability of the emergency doctrine to Hill's actions (*see Stewart*, 100 AD3d at 1390; *see generally Zuckerman*, 49 NY2d at 562). Their submissions do not include any evidence on the issue of Hill's negligence, and to the extent they contend that the *Noseworthy* rule entitles them to a less stringent burden of proof in establishing the existence of an issue of fact with respect to Hill's negligence (*see Noseworthy v City of New York*, 298 NY 76, 80), we reject that

contention.  They have " 'the burden of raising a triable issue of fact . . . before the *Noseworthy* rule may be applied, and [they] failed to meet that burden' " (*Shanahan*, 111 AD3d at 1330; *see Noseworthy*, 298 NY at 80).

Finally, we conclude with respect to appeal No. 1 that the court properly denied that part of plaintiffs' motion seeking summary judgment on negligence inasmuch as there is an issue of fact whether the emergency doctrine applies to decedent's actions.  Plaintiffs' submissions establish that a deer, i.e., a large animal (*cf. generally Kizis v Nehring*, 27 AD3d 1106, 1107), charged into the roadway from decedent's left to his right and in front of both his vehicle and Hill's vehicle as those drivers approached each other.  Although Hill testified that he was able to see the deer as it ran through a grass field, there is nothing in the record establishing that decedent should have been able to see the deer at that time.  There is no evidence in the record concerning the height of the grass, nor is there any indication in the record whether decedent's view of the field was in some way impeded.  Moreover, we are unable to ascertain the size of the deer; Hill testified that it was a doe, but even with his hunting experience he was unable to give an estimate as to its size.  Under these circumstances, we conclude that there is an issue of fact with respect to the applicability of the emergency doctrine to decedent's actions (*cf. Stewart*, 100 AD3d at 1390; *see generally Zuckerman*, 49 NY2d at 562).

Entered:  May 2, 2014                         Frances E. Cafarell
                                              Clerk of the Court