# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

602

CA 14-01889

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

CHARLES M. ALBERT, PLAINTIFF-RESPONDENT,

V                                               MEMORANDUM AND ORDER

KATHLEEN A. MACHOLS, DEFENDANT-APPELLANT.

---

OSBORN, REED & BURKE, LLP, ROCHESTER (MICHAEL A. REDDY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF FRANK G. MONTEMALO, PLLC, ROCHESTER (FRANK G. MONTEMALO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 24, 2014 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was operating collided head-on with a vehicle operated by defendant. Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. Defendant met her initial burden by establishing as a matter of law that the emergency doctrine applied (*see generally Caristo v Sanzone*, 96 NY2d 172, 174), i.e., she established that she was operating her vehicle in a lawful and prudent manner when plaintiff's vehicle suddenly and without warning crossed into her lane of travel, and there was nothing she could have done to avoid the collision (*see Hill v Cash*, 117 AD3d 1423, 1426; *Wasson v Szafarski*, 6 AD3d 1182, 1183). "Although 'it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether the [driver's] response was reasonable' . . . , we conclude that summary judgment is appropriate here because defendant[] presented 'sufficient evidence to establish the reasonableness of [her] actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact' " (*Shanahan v Mackowiak*, 111 AD3d 1328, 1329-1330).

Entered:  June 12, 2015                         Frances E. Cafarell
                                                Clerk of the Court