■ SCARLET DIAZ, an Infant by Her Father and Natural Guardian, RENE DIAZ, et al., Appellants, v YAW BARIMAH et al., Respondents. [40 NYS3d 762]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered May 18, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims of serious psychological injury and a 90/180-day injury within the meaning of Insurance Law § 5102 (d), unanimously affirmed, without costs.

Defendants established prima facie that the infant plaintiff did not suffer a serious psychological injury as a result of the accident in which she was struck by defendants' vehicle, through an affidavit by a psychologist who examined her and found no objective symptoms of posttraumatic stress disorder or any other psychological illness (see Hill v Cash, 117 AD3d 1423, 1425-1426 [4th Dept 2014]; Krivit v Pitula, 79 AD3d 1432, 1434 [3d Dept 2010]).

In opposition, plaintiffs failed to raise an issue of fact (see Alvarez v NYLL Mgt. Ltd., 120 AD3d 1043 [1st Dept 2014], affd 24 NY3d 1191 [2015]). Their expert did not consider or address the evidence in the infant plaintiff's own medical records suggesting that her psychological symptoms were causally related to her parents' ongoing divorce and custody dispute,

and thus her opinion that the accident caused the psychological injuries is impermissibly conclusory (*see id.*).

Defendants also established prima facie that the infant plaintiff did not suffer a 90/180-day injury, through her own testimony that she missed only one day of school and the absence of any evidence of a "medically determined" injury, in opposition to which plaintiffs failed to raise an issue of fact (*see Melo v Grullon*, 101 AD3d 452, 453 [1st Dept 2012]). Concur— Mazzarelli, J.P., Andrias, Saxe, Feinman and Gische, JJ.