# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1241**
**CA 16-00467**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

CARRIE MARX, INDIVIDUALLY AND AS ADMINISTRATRIX
OF THE ESTATE OF JUDITH B. MARX, DECEASED, AND
PATRIC A. MARX, PLAINTIFFS-APPELLANTS,

              V                                        MEMORANDUM AND ORDER

LYNN M. KESSLER, DEFENDANT,
AND BERNARD M. SHEVLIN, DEFENDANT-RESPONDENT.
(ACTION NO. 1.)
-------------------------------------------------
KEITH MARX, PLAINTIFF,

              V

LYNN M. KESSLER AND BERNARD M. SHEVLIN,
DEFENDANTS.
(ACTION NO. 2.)

---

GELBER & O'CONNELL, LLC, BUFFALO (HERSCHEL GELBER OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

     Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered June 2, 2015.  The order, insofar as appealed
from, upon reargument, granted the motion of defendant Bernard M.
Shevlin for summary judgment dismissing the complaint against him in
action No. 1.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum:  The plaintiffs in action No. 1, Carrie Marx
(plaintiff) and Patric A. Marx (Marx) (collectively, plaintiffs),
commenced this negligence action seeking damages for injuries
sustained by Marx and injuries resulting in the death of plaintiff's
decedent when the vehicle operated by the plaintiff in action No. 2,
in which Marx and decedent were passengers, was rear-ended while it
was stopped in the northbound lane of Route 16 in the Town of Aurora
waiting to make a left turn into the driveway of a business
establishment.  The force of the impact propelled the vehicle into the
southbound lane, where it was then struck by the vehicle operated by
Bernard M. Shevlin (defendant).  Supreme Court granted that part of

defendant's motion seeking summary judgment dismissing the complaint in action No. 1 against him and, upon granting plaintiffs' motion for leave to reargue, adhered to its decision.  We affirm.

Contrary to plaintiffs' contention, defendant established as a matter of law in action No. 1 that the emergency doctrine applies (*see Albert v Machols*, 129 AD3d 1481, 1482), i.e., that he "was operating [his] vehicle in a lawful and prudent manner when plaintiff[s'] vehicle suddenly and without warning [was propelled] into [his] lane of travel, and there was nothing [he] could have done to avoid the collision" (*id.*).  Indeed, defendant established that less than two seconds transpired between the first collision and the second collision.  "Although 'it generally remains a question for the trier of fact to determine whether an emergency existed and, if so, whether [defendant's] response was reasonable' . . . , we conclude that summary judgment is appropriate here because defendant[] presented 'sufficient evidence to establish the reasonableness of [his] actions [in an emergency situation] and there is no opposing evidentiary showing sufficient to raise a legitimate question of fact' " (*Shanahan v Mackowiak*, 111 AD3d 1328, 1329-1330; *cf. Oscier v Musty*, 138 AD3d 1402, 1404).  The opinion of plaintiffs' expert that defendant's speed was excessive, i.e., 57 miles per hour in a speed zone of 55 miles per hour, and that he should have anticipated that plaintiffs' vehicle would be rear-ended and thus would have had sufficient time to react when plaintiffs' vehicle entered his lane is speculative and therefore insufficient to raise an issue of fact to defeat the motion (*see Stewart v Kier*, 100 AD3d 1389, 1390).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court