Vergine v Phillips (2018 NY Slip Op 08740)





Vergine v Phillips


2018 NY Slip Op 08740


Decided on December 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 20, 2018

526849

[*1]JOANNE VERGINE et al., Appellants,
v
RICHARD S. PHILLIPS, Respondent.

Calendar Date: November 19, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.


DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Paul E. DeLorenzo of counsel), for appellants.
Horigan, Horigan & Lombardo, PC, Amsterdam (James A. Lombardo of counsel), for respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeal from an order of the Supreme Court (Buchanan, J.), entered January 10, 2018 in Schenectady County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Following an automobile accident in July 2015, plaintiff Joanne Vergine and her husband, derivatively, commenced this action alleging that she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of defendant's negligence. In the bill of particulars, Vergine claimed that injuries to her cervical spine triggered several "serious injury" categories. Defendant moved for summary judgment dismissing the complaint for lack of a serious injury, and plaintiffs cross-moved to amend their bill of particulars to include posttraumatic stress disorder (hereinafter PTSD) as a serious injury. Supreme Court denied plaintiffs' cross motion, granted defendant's motion and dismissed the complaint. Plaintiffs appeal.[FN1]
Causally-related PTSD can constitute a serious injury (see Fillette v Lundberg, 150 AD3d 1574, 1578-1579 [2017]; Hill v Cash, 117 AD3d 1423, 1425-1426 [2014]; Krivit v Pitula, 79 AD3d 1432, 1432 [2010]; Chapman v Capoccia, 283 AD2d 798, 799-800 [2001]). To validate such a claim, a plaintiff must present competent medical evidence through "an expert's qualitative assessment of a plaintiff's condition . . ., provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). In support of their cross motion, plaintiffs presented the affidavit of Claudia [*2]Iantorno, a licensed clinical social worker (hereinafter LCSW), who diagnosed Vergine with PTSD, causally-related to the accident.
We recognize that Supreme Court rejected plaintiffs' PTSD claim by finding that PTSD must be diagnosed by a physician. While a physician's affirmation is certainly competent medical proof, case law has also recognized that PTSD may be diagnosed by psychiatrists, neuropsychologists and psychologists (see Fillette v Lundberg, 150 AD3d at 1578-1579; Diaz v Barimah, 144 AD3d 497, 497 [2016]; Hill v Cash, 117 AD3d at 1425-1426; Krivit v Pitula, 79 AD3d at 1433). The novel threshold question presented here is whether a LCSW is also competent to render such an opinion.
Under Education Law § 7701 (2), an LCSW can diagnose "mental, emotional, behavioral, addictive and developmental disorders and disabilities" and can administer and interpret tests of psychological functioning, create assessment-based treatment plans and provide "short-term and long-term psychotherapy and psychotherapeutic treatment." These are functions comparable to those of a psychologist (see Education Law § 7601-a [1], [2]). For licensing purposes, an LCSW must "have at least three years full-time supervised postgraduate clinical social work experience in diagnosis, psychotherapy, and assessment-based treatment plans, or its part-time equivalent, obtained over a continuous period not to exceed six years, under the supervision . . . of a psychiatrist, a licensed psychologist, or [an LCSW] in a facility setting" (Education Law § 7704 [2] [c]). Given the above, we conclude that an LCSW is competent to render an opinion as to whether a person has PTSD for purposes of establishing a serious injury under the Insurance Law.
Iantorno provided psychotherapy treatment to Vergine between April 2016 and July 2017. Beyond Vergine's reported symptoms consistent with a PTSD diagnosis, Iantorno averred that she "personally witnessed physical anxiety exhibited by . . . Vergine. This was visible to me and further validated diagnosis of PTSD." Such clinical observations qualify as objective medical evidence for purposes of establishing a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d at 353; Rodman v Deangeles, 148 AD3d 119, 124-125 [2017], lv dismissed 30 NY3d 989 [2017]). Iantorno opined that Vergine was significantly limited in her ability to drive and even distressed as a passenger, conditions that impacted her independence and imposed a significant limitation of her psychological function. We find that this submission presents an issue of fact as to whether Vergine sustained causally-related PTSD, constituting a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]). Consequently, Supreme Court erred in granting defendant's motion for summary judgment.
As for plaintiffs' cross motion, leave to amend a pleading may be freely granted absent prejudice, surprise or a palpably insufficient application (see Palmatier v Mr. Heater Corp., 156 AD3d 1167, 1169 [2017]). Given the above, and considering that PTSD was already listed as an injury in the bill of particulars, we conclude that plaintiffs' cross motion should have been granted.
McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, defendant's motion denied and plaintiffs' cross motion granted.



Footnotes

Footnote 1: Having limited their brief to the PTSD claim, plaintiffs have abandoned any challenge with respect to the asserted cervical spine injuries (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 141 AD3d 785, 787-788 n 4 [2016]).