Stefanski v Huntress (2024 NY Slip Op 00712)

Stefanski v Huntress

2024 NY Slip Op 00712

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, OGDEN, GREENWOOD, AND NOWAK, JJ.

915 CA 23-00236

[*1]MINERVA STEFANSKI, PLAINTIFF-APPELLANT,
v
JOSHUA D. HUNTRESS, ET AL., DEFENDANTS, AND DAVID S. STEFANSKI, DEFENDANT-RESPONDENT. 

STEVE BOYD, P.C., BUFFALO (LEAH COSTANZO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
LAW OFFICE OF JOHN TROP, BUFFALO (JONATHAN H. DOMINIK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered August 17, 2022. The order granted the motion of defendant David S. Stefanski for summary judgment and dismissed the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendant David S. Stefanski.
Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle accident. At the time of the accident, plaintiff was a passenger on a motorcycle operated by David S. Stefanski (defendant). The motorcycle was struck by an oncoming vehicle that crossed the center line of the road after its operator, who was under the influence of methamphetamine, Xanax, and other drugs at the time of the collision, fell asleep while driving. Defendant moved for summary judgment dismissing the complaint against him, contending, as relevant here, that the emergency doctrine applied and that his actions were reasonable under the circumstances. The motion was served while depositions and discovery remained outstanding, thereby staying disclosure (see CPLR 3124 [b]). Given the outstanding discovery, plaintiff's accident reconstruction expert was unable to issue a formal report. Plaintiff timely moved to lift the discovery stay, but was unable to obtain such an order until after the deadline to file papers in opposition to defendant's motion.
After lifting the stay, Supreme Court permitted the parties to submit supplemental papers—which included the formal report of plaintiff's accident reconstruction expert—but ultimately refused to consider the supplemental proof in determining the motion. The court granted defendant's motion, noting that plaintiff's supplemental proof, even if it had been considered, would not have raised a triable issue of fact. Plaintiff appeals, and we reverse.
In this motor vehicle accident case, defendant, "as the movant for summary judgment, had the burden of establishing as a matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident" (Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]). Under the emergency doctrine, "when a [driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration . . . , the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context . . . , provided the [driver] has not created the emergency" (Stewart v Kier, 100 AD3d 1389, 1389-1390 [4th Dept 2012] [internal quotation marks omitted]; see generally Caristo v Sanzone, 96 NY2d 172, 174 [2001]). Additionally, a driver is "not required to anticipate that [another] vehicle, traveling in the opposite direction, would cross over into [the driver's] lane of travel" (Cardot v Genova, 280 AD2d 983, 983 [4th Dept 2001]; see [*2]Fiore v Mitrowitz, 280 AD2d 919, 920 [4th Dept 2001]).
Contrary to plaintiff's contention, defendant met his initial burden on the motion (see Stewart, 100 AD3d at 1390; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We agree with plaintiff, however, that under the circumstances of this case, the court erred in refusing to consider her supplemental expert proof inasmuch as defendant was permitted to respond and there was no evidence of prejudice (see Ostrov v Rozbruch, 91 AD3d 147, 155 [1st Dept 2012]; Ashton v D.O.C.S. Continuum Med. Group, 68 AD3d 613, 613 [1st Dept 2009]; see generally Park Country Club of Buffalo, Inc. v Tower Ins. Co. of N.Y., 68 AD3d 1772, 1774 [4th Dept 2009]). We further agree with plaintiff that the expert's report and conclusions were neither speculative nor conclusory, but had a factual basis in the record and thus raised a triable issue of fact with respect to the reasonableness of defendant's conduct (see Esposito v Wright, 28 AD3d 1142, 1143-1144 [4th Dept 2006]). The court thus erred in granting the motion. In light of our determination, we do not address plaintiff's remaining contention.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court