Ali v CVS Pharmacy, Inc. (2024 NY Slip Op 03279)

Ali v CVS Pharmacy, Inc.

2024 NY Slip Op 03279

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

345 CA 23-01299

[*1]ANNISA S. ALI, PLAINTIFF-APPELLANT,
v
CVS PHARMACY, INC., CVS ALBANY, LLC, ELBERT A. BUTLER-CLYBURN AND ASHLEY K. MCGUIRE, DEFENDANTS-RESPONDENTS. 

VIOLA, CUMMINGS & LINDSAY, LLP, NIAGARA FALLS (MICHAEL J. SKONEY OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MONACO COOPER LAMME & CARR, PLLC, ALBANY (JONATHAN E. HANSEN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS CVS PHARMACY, INC., CVS ALBANY, LLC, AND ELBERT A. BUTLER-CLYBURN.
BARTH CONDREN, LLP, BUFFALO (PIERRE A. VINCENT OF COUNSEL), FOR DEFENDANT-RESPONDENT ASHLEY K. MCGUIRE.

 Appeal from an amended order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered April 27, 2023. The amended order granted the motion of defendants CVS Pharmacy, Inc., CVS Albany, LLC and Elbert A. Butler-Clyburn for summary judgment, dismissed the amended complaint against those defendants and denied the cross-motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying the motion and reinstating the amended complaint against defendants CVS Pharmacy, Inc., CVS Albany, LLC, and Elbert A. Butler-Clyburn and by granting that part of the cross-motion seeking partial summary judgment on the issue of negligence with respect to defendant Ashley K. McGuire, and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she sustained as a pedestrian when a vehicle operated by defendant Elbert A. Butler-Clyburn collided with a vehicle operated by defendant Ashley K. McGuire. The vehicle Butler-Clyburn was operating was owned by defendant CVS Pharmacy, Inc., and he was operating the vehicle in the scope of his employment with defendant CVS Albany, LLC. The accident occurred when McGuire drove her vehicle either out of a driveway or from the side of the road into the path of Butler-Clyburn, who had the right-of-way, and plaintiff was pinned between the two vehicles. Butler-Clyburn, CVS Pharmacy, Inc., and CVS Albany, LLC (collectively, CVS defendants) moved for summary judgment dismissing the amended complaint against them, and plaintiff cross-moved for, inter alia, partial summary judgment on the issue of negligence with respect to all defendants. Supreme Court granted the motion and denied the cross-motion, and plaintiff now appeals.
Plaintiff contends that the court erred in granting the CVS defendants' motion. To be entitled to summary judgment, the CVS defendants had to establish that Butler-Clyburn "was operating his vehicle in a lawful and prudent manner and that there was nothing [he] could have done to avoid the collision" (Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014] [internal quotation marks omitted]; see Marx v Kessler, 145 AD3d 1618, 1619 [4th Dept 2016]; see also Stewart v Kier, 100 AD3d 1389, 1389-1390 [4th Dept 2012]). "[A] driver who has the right-of-way is entitled to anticipate that other drivers will obey the [*2]traffic laws requiring them to yield to the driver with the right-of-way . . . Although a driver with the right-of-way has a duty to use reasonable care to avoid a collision . . . , a driver with the right-of-way who has only seconds to react to a vehicle that has failed to yield is not comparatively negligent for failing to avoid the collision" (Carpentieri v Kloc, 213 AD3d 1314, 1315 [4th Dept 2023] [internal quotation marks omitted]; see Penda v Duvall, 141 AD3d 1156, 1157 [4th Dept 2016]; Doxtader v Janczuk, 294 AD2d 859, 859-860 [4th Dept 2002], lv denied 99 NY2d 505 [2003]). Moreover, under the emergency doctrine, "when [a driver] is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes [the driver] to be reasonably so disturbed that [he or she] must make a speedy decision without weighing alternative courses of conduct, the [driver] may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the [driver] has not created the emergency" (Shanahan v Mackowiak, 111 AD3d 1328, 1329 [4th Dept 2013] [internal quotation marks omitted]; see generally Caristo v Sanzone, 96 NY2d 172, 174 [2001]).
We conclude that the CVS defendants failed to meet their initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In support of their motion, the CVS defendants submitted Butler-Clyburn's deposition testimony that he first observed McGuire's vehicle parked and stopped in the parking lane of the roadway and that plaintiff was at that time standing outside the driver's side door. Butler-Clyburn then testified that he was trying to go around McGuire's vehicle when it turned abruptly into his lane of travel and struck his vehicle, leaving him no time to avoid the collision. The CVS defendants' submissions in support of their motion for summary judgment, however, included the deposition testimony of plaintiff and McGuire, each of whom offered differing versions of the accident that raise triable issues of fact regarding Butler-Clyburn's negligence and the applicability of the emergency doctrine (see Brown v Askew, 202 AD3d 1501, 1504 [4th Dept 2022]). In particular, McGuire testified that she was not parked on the road but was parked in the driveway. She further testified that she pulled out of the driveway after looking both ways and did not observe any traffic. She testified that she was not traveling fast and was "pretty much coasting" at the time. When McGuire's vehicle was approximately "halfway into the street," Butler-Clyburn's vehicle then hit plaintiff and McGuire's vehicle. Plaintiff testified that she was standing next to the driver's side door of McGuire's vehicle while it was parked in the driveway when McGuire pushed on the gas pedal and drove out of the driveway and into the street. Based on the foregoing, among other things, we conclude that the CVS defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, thereby requiring denial of their motion "regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We therefore modify the amended order accordingly.
We further agree with plaintiff that the court erred in denying that part of her cross-motion with respect to the issue of McGuire's negligence inasmuch as plaintiff met her initial burden on that part of the cross-motion and McGuire failed to raise a triable issue of fact in opposition. We therefore further modify the amended order accordingly. Contrary to the court's determination, the existence of triable issues of fact regarding the apportionment of liability between plaintiff and McGuire "does not preclude an award of summary judgment in plaintiff['s] favor on the issue of [McGuire's] negligence" (Pachan v Brown, 204 AD3d 1435, 1436 [4th Dept 2022]; see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court